UNITED STATES COURT OF INTERNATIONAL TRADE

GREENTECH ENERGY SOLUTIONS, INC.,

Plaintiff,

v.

UNITED STATES,

Defendant.

PUBLIC VERSION

Court No. 23-00118

Confidential Business Proprietary Information removed from Exhibits 1 and 3-7.

## COMPLAINT

Plaintiff Sumecht NA, Inc, d.b.a. Sumec North America ("Sumec NA"), by and through its undersigned counsel, hereby brings this action against the United States ("Defendant"), and alleges and states as detailed below.

## Cause Of Action

1. This action is brought pursuant to 28 U.S.C. § 1581(i), for relief from liquidation and/or collection of duties, increase of required bond, or other adverse action of certain of its entries of certain solar modules, including solar cells, produced in and exported from Vietnam to the United States.

## INTRODUCTION

2. Plaintiff incorporates by reference paragraph 1 of this Complaint

3. Antidumping and countervailing duties cannot be collected on imports unless affirmative findings of dumping and subsidization are made, along with a finding of injury or threat. This hallmark principle of U.S. law has existed for nearly 100 years and is without

exception.  Plaintiff Greentech Energy Solutions, Inc., challenges Defendant's violation of this fundamental rule of law when Defendant in 2021, through its officers and employees, wrongly required payment for antidumping (AD) and countervailing (CVD) duties on Greentech's 2019 imports of solar modules produced in, and exported from Vietnam to the United States.  These entries were not subject to any AD or CVD order on solar modules or solar cells from Vietnam; to any investigation of solar products involving Vietnam; or to any findings of dumping, subsidization, or injury by reason of solar products from Vietnam. Further, the entries were not subject to any finding of circumvention, or pending circumvention action against Greentech or Vietnamese solar modules producers at the time of Greentech's entries of the solar modules relevant here.[1]  In short, Defendant lacked a lawful basis to seek to impose AD and CVD duties on Greentech's imports from Vietnam.

4.   Defendant based its unlawful action solely upon Greentech's inability to provide importer and exporter certifications completed, signed, and dated at the time of shipment from Vietnam and the time of entry into the United States of solar modules.  Defendant claims the certifications are required for imports from Vietnam even though the certification provision on which Defendant relies is only found in the 2012 final determination of a dumping investigation by Commerce.  *Compare Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China: Final*

---

[1] More than three years after Greentech's 2019 entries, Commerce made a preliminary circumvention finding on solar modules from Vietnam, suspending liquidation of entries of such solar modules beginning April 1, 2022, the date of publication of the initiation of the circumvention review.  *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, From the People's Republic of China: Preliminary Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam,* 87 Fed. Reg. 75,221 (Dec. 8, 2022).  The final results of that review are currently expected on August 17, 2023.

*Determination of Sales at Less Than Fair Value, and Affirmative Final Determination of Critical Circumstances, in Part*, 77 Fed. Reg. 63,791 (Oct. 17, 2012) ("*China AD Solar Cells Final*"), *with Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China: Final Determination of Sales at Less Than Fair Value, and Affirmative Final Determination of Critical Circumstances, in Part*, 77 Fed. Reg. 63,791 (Dep't of Commerce Oct. 17, 2012) ("*China CVD Solar Cells Final*").

5.   Based solely upon the 2012 *China AD Solar Cells Final*, and without any finding Greentech or its Vietnamese supplier were circumventing the AD and CVC orders on solar cells from China, Defendant mistakenly believes it can collect AD/CVD duties on Greentech's imports from Vietnam because Greentech could not provide certifications dated contemporaneously with shipment and entry of Vietnamese imports from Vietnam, even though Greentech submitted documentation showing that the merchandise was produced and exported from Vietnam and, thus, not subject to the China AD/CVD orders.  Greentech also submitted certifications for the entries that were completed, signed, and dates after the time of shipment and entry.  Under these circumstances, Defendant's imposition of AD and CVD duties on Greentech's solar module imports from Vietnam was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or facts.

6.   Even if the Court determines Defendant had the authority to require Greentech to maintain certificates for imports from Vietnam, the Court still must rule for Greentech on either of two alternate grounds.  First, Commerce's certification provision and instructions to Customs treated Greentech's inability to provide certificates completed, signed, and dated at the time of shipment and entry as dispositive despite the post-shipment and post-entry certifications, and commercial documents Greentech submitted showing that the imported solar modules, including solar cells, were products of and exported from Vietnam.

Commerce certification provision and instructions were arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law or facts.  Second, unless this Court acts, the AD/CVD duties Defendant is attempting to impose on Greentech are excessive fines for what is nothing more than a simple failure to have contemporaneously dated certificates.  The Eighth Amendment to the U.S. Constitution prohibits excessive civil fines – which as detailed below these fines clearly are – and Commerce's instructions should be vacated on that basis if no other.

7.  Plaintiff Greentech Energy Solutions, Inc., by and through its counsel, states the following claims against the Defendant:

## PARTIES TO THE ACTION

8.  Plaintiff incorporates by reference paragraphs 1 through 7 of this Complaint.

9.  Greentech is an importer of Vietnam-country-of-origin solar modules that incorporate solar cells produced in Vietnam and exported from Vietnam by a Vietnamese company to the United States.

10. The Defendant is the United States, by and through its officers and employees with the Office of AD/CVD Operations, Enforcement and Compliance within the International Trade Administration of the U.S. Department of Commerce ("Commerce") and U.S. Customs and Border Protection ("CBP").  Relevant to this proceeding, Commerce is responsible for issuing AD and CVD orders and providing instructions to CBP to collect duties on merchandise subject to AD and CVD orders.  CBP plays a ministerial role in the administration of the AD and CVD laws by collecting AD and CVD duties on imported merchandise that is subject to AD and CVD orders and to suspend liquidation, collect cash deposits, and liquidate merchandise at the final AD and CVD rates established for a review period, as instructed by Commerce.

## JURISDICTIONAL STATEMENT

11. Plaintiff incorporates by reference paragraphs 1 through 10 of this Complaint.

12. Greentech brings this action pursuant to the Court's jurisdiction set forth in 28 U.S.C. § 1581(i)(1)(B) and (D), to challenge certain instructions sent by Commerce to CBP, as applied to Greentech. *See Shinyei Corp. of America v. United States*, 355 F.3d 1297 (Fed. Cir. 2004); *Consolidated Bearings Co. v. United States*, 348 F.3d 997 (Fed.Cir.2003).

13. Section 1581(i)(1) provides this Court with exclusive jurisdiction over "any civil action commenced against the United states, its agencies, or its officers, that arises out of any law of the United States providing for . . . (B) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue, . . . {or} (D) administration and enforcement with respect to matters referred to in paragraphs (A)-(C) of this subsection and subsections (a)-(h) of this section." 28 U.S.C. § 1581(i)(1).

14. While the AD and CVD laws permit Commerce to collect AD and CVD duties, Commerce may only do so if the U.S. International Trade Commission has found injury or threat of injury to a domestic industry and Commerce has found subsidization or dumping in the country under investigation.  *See* 19 U.S.C. § 1671(a) (CVD) and 19 U.S.C. § 1673(a) (AD). Greentech challenges Defendant's position in its customs instructions that it has the authority to collect AD and CVD duties on merchandise produced in and exported from Vietnam – a country not subject to any dumping or subsidy investigation let alone findings of injury, subsidization, dumping, or circumvention.  Greentech's challenge also concerns Defendant's administration and enforcement of the AD and CVD laws.  None of the actions Greentech challenges are reviewable under 28 U.S.C. § 1581(a)-(h) and, thus, the Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1581(i).  Further, the Court has the authority to

order the requested relief pursuant to 28 U.S.C. § 2643.  *See also Shinyei*, 355 F.3d 1297 (Fed. Cir. 2004); *Consol. Bearings*, 348 F.3d 997 (Fed.Cir.2003).

## STANDING OF PLAINTIFF

15. Plaintiff incorporates by reference paragraphs 1 through 14 of this Complaint

16. Greentech has standing to bring this action pursuant to 28 U.S.C. § 2631(i) which provides:

> Any civil action of which the Court of International Trade has jurisdiction, other than an action specified in subsections (a)-(h) of this section, may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of section 702 of title 5.

Section 702 of title 5, the Administrative Procedure Act specifies "{a} person suffering legal wrong because of agency action, or adversely affected by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

17.  Greentech is a "person" under the Administrative Procedure Act.  Greentech is the importer of record of the merchandise that is subject to this action and is the person adversely affected or aggrieved by the actions of Commerce and CBP within the meaning of Section 702 of title 5 of the United States Code.

## TIMELINESS OF THIS ACTION

18.  Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint

19.  Pursuant to USCIT R. 3(a)(3), a civil action brought under 28 U.S.C. § 1581(i) shall be commenced by the concurrent filing of a summons and complaint with the Clerk of the Court. Greentech is filing this complaint concurrently with a summons, and within two years after the cause of action first accrued.  *See* 28 U.S.C. § 2636(i).

20.  CBP issued a Request for Information to Greentech on June 10, 2021, requesting information about certain entries of solar modules, including solar cells.  By a Notice of Action

dated August 31, 2021, CBP informed Greentech for the first time that certain of Greentech's

entries of solar modules imported from Vietnam were subject to AD and CVD duties applicable

to Chinese solar cells – despite the lack of AD and CVD orders on solar modules produced in

and exported from Vietnam and the absence of any findings of circumvention of the China

orders.

21.   This action is timely as brought within two years of the time the cause of action

accrued with CBP's issuance of the August 31, 2021 Notice of Action.  Assuming the cause of

action accrued when CBP asked Greentech to submit information on June 10, 2021, relating to

the imports from Vietnam, Greentech's summons and complaint are timely filed within two

years of that event as well.

**STATEMENT OF FACTS**

22.   Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint

23.   Greentech imports solar modules and other solar products.  Greentech imported the

solar modules at issue from Vietnam into the United States in 19 entries between July and

October 2019.  *See* **Exhibit 1**, Customs Entry Forms.  Greentech properly reported the

merchandise as being produced in Vietnam and having Vietnam as the country of origin.  *See*

**Exhibit 1**.

24.   On December 7, 2012, Commerce published AD and CVD orders on *Crystalline*

*Silicon Photovoltaic Cells ("CSPV Cells"), Whether or Not Assembled Into Modules, from the*

*People's Republic of China*, case numbers A-570-979 and C-570-980.  *Crystalline Silicon*

*Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of*

*China AD/CVD Orders*, 77 Fed. Reg. 73018-73019 (Dec. 7, 2012) ("China Orders").  The

orders, themselves, do not mention or contain a certification requirement.  Instead, the

certification requirement is contained in Commerce's final dumping determination.  *Compare*

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China: Final Determination of Sales at Less Than Fair Value, and Affirmative Final Determination of Critical Circumstances, in Part*, 77 Fed. Reg. 63,791 (Oct. 17, 2012) (China AD final results containing certification provision) ("*China AD Final Results*") *with Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Affirmative Countervailing Duty Determination and Final Affirmative Critical Circumstances Determination*, 77 Fed. Reg. 63,788 (Oct. 17, 2012) (China CVD final results with no certification provision) ("*China CVD Final Results*"). Commerce also issued instructions to Customs notifying it of the certification provision.  *See* **Exhibit 2**, Customs Messages.

25.   The certification provision which, as noted above, is only contained in Commerce's final China AD determination, states:

> As noted above, the scope of both the AD and CVD investigations of solar cells cover modules, laminates, and panels produced in a third-country from solar cells produced in the PRC; however, modules, laminates, and panels produced in the PRC from solar cells produced in a third-country are not covered by the investigations. If an importer imports solar panels/modules that it claims do not contain solar cells that were produced in the PRC, the importer is required to maintain the importer certification in Appendix II to this notice. The importer and exporter are also required to maintain the exporter certification in Appendix II to this notice if the exporter of the panels/modules for which the importer is making the claim is located in the PRC.  We note that while importers and PRC exporters will be required to maintain the aforementioned certifications and documentation, they will not have to provide this information to CBP as part of the entry documents, unless the certification or documentation is specifically requested by CBP.
>
> If it is determined that the certification or documentation requirements noted in the certification have not been met, the Department intends to instruct CBP to suspend all unliquidated entries for which these requirements were not met and require the posting of a cash deposit or bond on those entries equal to the PRC-wide rate in effect at the time of the entry. If a solar panel/module contains some solar cells produced in the PRC, but the importer is unable or unwilling to identify the total value of the panel/module subject to the order, the Department intends to

instruct CBP to suspend all unliquidated entries for which the importer has failed to supply this information and require the posting of a cash deposit or bond on the total entered value of the panel/module equal to the PRC-wide rate in effect at the time of the entry. *China AD Final Results* at 63,796-63,797 (internal citation omitted).

26. CBP initially asked Greentech to provide certificates and other documentation for two entries. *See* **Exhibit 3**, Request for Information. Greentech complied by providing certificates dated after the Request for Information and documentation showing the country of production and exportation was Vietnam. *See* **Exhibit 4**, Response to Request for Information. However, CBP concluded from a statement by Greentech's customs broker that not only were the two entries from Vietnam which CBP originally inquired about lacking contemporaneous certificates, but Greentech did not maintain such certificates for any entries. Consequently, CBP indicated it was requiring Greentech to pay AD and CVD duties on a total of nineteen entries from Vietnam (including the two originally inquired about). *See* **Exhibit 5**, Notice of Action.

27. All of Greentech's entries in 2019 of the solar modules in question were produced in Vietnam and exported from Vietnam, and not one module contained a solar cell produced in the PRC. In addition, Defendant did not make a finding that Greentech was circumventing the China orders.

28. Under those facts, Greentech should not have had to execute certifications based on Commerce's final results pertaining to an AD order on China.

29. On June 10, 2021, CBP sent Greentech a Request for Information asking for "documentation to show the products imported are exempt from AD/CVD duties or out of scope." **Exhibit 3**, Request for Information.

30. CBP indicated that the requisite documentation included but was not limited to importer and exporter certificates, certificates of origin, shipping documentation, manufacturing

records, bills of material, invoices, purchase orders, bills of lading, and product

specifications/illustrations.  *See* **Exhibit 3**, Request for Information.

31.   Greentech provided importer certificates in response to CBP's request for information.

*See* **Exhibit 4**, Response to Request for Information.

32.   Despite the evidence Greentech provided showing production and origin in Vietnam,

CBP found that the certificates were invalid because they were not dated at the time of

shipment and of entry, pursuant to Commerce's instructions.  *See* **Exhibit 5**, Notice of Action.

33.   CBP explained that the consequence of Greentech's failure to maintain certificates

dated at the time of entry required CBP to suspend liquidation and impose AD and CVD duties

on Greentech's imports from Vietnam, pursuant to Commerce's instructions.  *See* **Exhibit 5**,

Notice of Action.

34.   The sole basis for CBP to suspend liquidation and rate advance (i.e. impose AD and

CVD duties) the Greentech entries at issue was Greentech's failure to provide importer and

exporter certifications dated at the time of shipment and of entry, as specified in the China AD

Final Determination and corresponding Commerce instructions.

35.   CBP sent Greentech invoices for payment of AD and CVD duties for each of

Greentech's entries, summing to a significant amount of AD and CVD duties allegedly owed.

*See* **Exhibit 6**, Customs Invoices.  At the time CBP issued its Request for Information and

Notice of Action, the time was long past when Greentech could have requested that Commerce

review whether the entries of solar modules from Vietnam were subject to the AD and CVD

orders on solar cells from China.

36.   Greentech has filed protests with CBP challenging the imposition of AD/CVD duties

on the entries in question out of an abundance of caution.  ***See*** **Exhibit 7**, Protests.  Those

protests are currently pending.  However, this action challenges the lawfulness of Commerce's certification requirement as applied to Greentech and, in the alternative, failure to accept other documentation proving country of production and origin and the excessive fine Defendant imposed in the absence of certification.

**STATEMENT OF CLAIMS**

**COUNT ONE**

**Commerce's Certification Provision as Applied to Greentech Is Unlawful**

37.   Plaintiff incorporates by reference paragraphs 1 through 36 of this Complaint.

38.   Under U.S. law, AD and CVD duties can only be imposed when Commerce investigates and finds the existence of dumping or countervailable subsidies and the U.S. International Trade Commission investigates and finds a domestic industry has been injured or is threatened with injury by reason of the imports from the country subject to the investigation. *See* 19 U.S.C. §§ 1671 & 1673, et seq.

39.   Defendant seeks to impose AD and CVD duties on solar module imports from Vietnam even though there are no dumping, subsidy, or injury findings pertaining to imports from that country, and no finding of circumvention pertaining to those entries, even though Greentech submitted documentation to CBP showing that the solar modules in question were not subject to the AD/CVD orders on China.  The lack of a certificate dated at the time of shipment or entry cannot alter the clear and unambiguous requirements of U.S. law.  Consequently, Defendant's actions are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

## COUNT TWO

**Defendant's Imposition of AD/CVD Duties Based Solely on Greentech's Failure to Provide Contemporaneously Dated Certificates, When Greentech Submitted Ample Documentation Showing the Imports Were Not Subject to the China AD/CVD Orders, Is Unlawful**

40.   Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint.

41.   Assuming *arguendo* Commerce could lawfully require Greentech to have certification for its imports from Vietnam, at their core, the certifications Commerce requires are merely signed statements by the importer and exporter that the merchandise does not contain solar cells from China.  But the commercial documentation Greentech submitted is far more reliable and probative of the country of production and origin than a mere self-serving statement.  Indeed, Commerce's instructions identify commercial documentation to confirm the accuracy of the certifications.  Under those circumstances, Commerce's certification provision and instructions were unlawful because they led to the imposition of AD and CVD duties on Greentech's imports from Vietnam.

## COUNT THREE

**Defendant's Fine is Excessive and Violates the Eighth Amendment of the United States' Constitution**

42.   Plaintiff incorporates by reference paragraphs 1 through 41 of this Complaint.

43.   Assuming *arguendo* Commerce has the authority to require certifications from importers of merchandise from countries with no existing AD or CVD orders, the penalty Defendant seeks to collect is excessive and, thus, violates the Eighth Amendment to the U.S. Constitution.

44.   In the matter before the Court, Defendant seeks to impose a significant monetary penalty in the guise of AD and CVD duties.  This is a "fine" and the amount is "excessive"

under any conceivable definition of those terms.  Defendant's action violates the Eighth

Amendment of the U.S. Constitution.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court enter judgment as

follows:

(A)    Enter judgment in favor of Plaintiff;

(B)    Hold as unlawful Commerce's certification provision and instructions as applied
       to Greentech's imports of solar modules from Vietnam that are the subject of
       this Complaint;

(C)    In the alternative, hold as unconstitutional Defendant's imposition of an
       excessive fine;

(D)     Require the Defendant to refund any AD or CVD deposits collected and
        withdraw all requests for payment for AD or CVD duties;

(E)    Require Defendant to liquidate the entries that are the subject of this
       Complaint without regard to AD or CVD duties; and

(G)    Grant Plaintiff such additional relief as the Court deems just and proper,
       including, but not limited to, attorney fees under the Equal Access to
       Justice Act.

                                            Respectfully submitted,

                                            /s/Mark B. Lehnardt
                                            Mark B. Lehnardt
                                            Law Offices of David L. Simon, PLLC
                                            1025 Connecticut Ave., N.W., Ste.1000
                                            Washington, D.C. 20036
                                            (202) 642-4850

                                            Counsel for Plaintiff

Dated: June 9, 2023

# Exhibits

| No. | Description | Public/BPI |
|-----|-------------|------------|
| 1 | Customs Entry Forms | BPI |
| 2 | Customs Messages | PUBLIC |
| 3 | Request for Information | BPI |
| 4 | Response to Request for Information | BPI |
| 5 | Notice of Action | BPI |
| 6 | Customs Invoices | BPI |
| 7 | Protests | BPI |

**EXHIBIT 1**
**Customs Entry Forms**
**BPI**

**EXHIBIT 2**
**Customs Messages**
**PUBLIC**

**MESSAGE NO.**                                          **MESSAGE DATE**

**STATUS**                                               **INACTIVATED DATE**

**TYPE**                                                 **FR CITE**

**SUB-TYPE**                                             **FR DATE**

**CATEGORY ACCESS**                                      **EFFECTIVE DATE**

**TYPE**          Public          Non-Public            **POI/POR DATE**                    -

                                                         **PERIOD COVERED**                  -

**Notice of lifting
of Suspension Date**

**SHORT CASE NAME**

**COURT CASE #s**

**REF MESSAGE #s**

**PRINCIPAL CASE #s**

**3rd Country CASE #s**

**RE:**

1.  ON 05/25/2012, COMMERCE PUBLISHED IN THE FEDERAL REGISTER (77 FR 31309) ITS AFFIRMATIVE PRELIMINARY DETERMINATION OF SALES AT LESS THAN FAIR VALUE, POSTPONEMENT OF FINAL DETERMINATION,  AND AFFIRMATIVE PRELIMINARY DETERMINATION OF CRITICAL CIRCUMSTANCES IN THE ANTIDUMPING DUTY INVESTIGATION OF CRYSTALLINE SILICON PHOTOVOLTAIC CELLS, WHETHER OR NOT ASSEMBLED INTO MODULES, FROM THE PEOPLES REPUBLIC OF CHINA (PRC).

2.  THE PRODUCTS COVERED BY THIS INVESTIGATION ARE CRYSTALLINE SILICON PHOTOVOLTAIC CELLS, AND MODULES, LAMINATES, AND PANELS, CONSISTING OF CRYSTALLINE SILICON PHOTOVOLTAIC CELLS, WHETHER OR NOT PARTIALLY OR FULLY ASSEMBLED INTO OTHER PRODUCTS, INCLUDING, BUT NOT LIMITED TO, MODULES, LAMINATES, PANELS AND BUILDING INTEGRATED MATERIALS.

THIS INVESTIGATION COVERS CRYSTALLINE SILICON PHOTOVOLTAIC CELLS OF THICKNESS EQUAL TO OR GREATER THAN 20 MICROMETERS, HAVING A P/N JUNCTION FORMED BY ANY MEANS, WHETHER OR NOT THE CELL HAS UNDERGONE OTHER PROCESSING, INCLUDING, BUT NOT LIMITED TO, CLEANING, ETCHING, COATING, AND/OR ADDITION OF MATERIALS (INCLUDING, BUT NOT LIMITED TO, METALLIZATION AND CONDUCTOR PATTERNS) TO COLLECT AND FORWARD THE ELECTRICITY THAT IS GENERATED BY THE CELL.

MERCHANDISE UNDER CONSIDERATION MAY BE DESCRIBED AT THE TIME OF IMPORTATION AS PARTS FOR FINAL FINISHED PRODUCTS THAT ARE ASSEMBLED AFTER IMPORTATION, INCLUDING, BUT NOT LIMITED TO, MODULES, LAMINATES, PANELS, BUILDING-INTEGRATED MODULES, BUILDING-INTEGRATED PANELS, OR OTHER FINISHED GOODS KITS.  SUCH PARTS THAT OTHERWISE MEET THE DEFINITION OF MERCHANDISE UNDER CONSIDERATION ARE INCLUDED IN THE SCOPE OF THIS INVESTIGATION.

EXCLUDED FROM THE SCOPE OF THIS INVESTIGATION ARE THIN FILM PHOTOVOLTAIC PRODUCTS PRODUCED FROM AMORPHOUS SILICON (A-SI), CADMIUM TELLURIDE (CDTE), OR COPPER INDIUM GALLIUM SELENIDE (CIGS).

ALSO EXCLUDED FROM THE SCOPE OF THIS INVESTIGATION ARE CRYSTALLINE SILICON PHOTOVOLTAIC CELLS, NOT EXCEEDING 10,000MM2 IN SURFACE AREA, THAT ARE PERMANENTLY INTEGRATED INTO A CONSUMER GOOD WHOSE FUNCTION IS OTHER THAN POWER GENERATION AND THAT CONSUMES THE ELECTRICITY GENERATED BY THE INTEGRATED CRYSTALLINE SILICON PHOTOVOLTAIC CELL.  WHERE MORE THAN ONE CELL IS PERMANENTLY INTEGRATED INTO A CONSUMER GOOD, THE SURFACE AREA FOR PURPOSES OF THIS EXCLUSION SHALL BE THE TOTAL COMBINED SURFACE AREA OF ALL CELLS THAT ARE INTEGRATED INTO THE CONSUMER GOOD.

MODULES, LAMINATES, AND PANELS PRODUCED IN A THIRD-COUNTRY FROM CELLS

PRODUCED IN THE PRC ARE COVERED BY THIS INVESTIGATION; HOWEVER, MODULES, LAMINATES, AND PANELS PRODUCED IN THE PRC FROM CELLS PRODUCED IN A THIRD-COUNTRY ARE NOT COVERED BY THIS INVESTIGATION.

MERCHANDISE COVERED BY THIS INVESTIGATION IS CURRENTLY CLASSIFIED IN THE HARMONIZED TARIFF SYSTEM OF THE UNITED STATES (HTSUS) UNDER SUBHEADINGS 8501.61.0000, 8507.20.80, 8541.40.6020, 8541.40.6030, AND 8501.31.8000. THESE HTSUS SUBHEADINGS ARE PROVIDED FOR CONVENIENCE AND CUSTOMS PURPOSES; THE WRITTEN DESCRIPTION OF THE SCOPE OF THIS INVESTIGATION IS DISPOSITIVE.

3.  AS NOTED IN PARAGRAPH 2, MODULES, LAMINATES, AND PANELS PRODUCED IN A THIRD-COUNTRY FROM SUBJECT CELLS PRODUCED IN THE PRC ARE COVERED BY THIS INVESTIGATION; HOWEVER, MODULES, LAMINATES, AND PANELS PRODUCED IN THE PRC FROM SOLAR CELLS PRODUCED IN A THIRD-COUNTRY ARE NOT COVERED BY THE SCOPE OF THIS INVESTIGATION.  HOWEVER, IN ORDER FOR NO CASH DEPOSIT TO BE REQUIRED FOR PANELS/MODULES NOT CONTAINING SUBJECT SOLAR CELLS PRODUCED IN THE PRC, THE FOLLOWING CERTIFICATION AND DOCUMENTATION REQUIREMENTS MUST BE MET:

A.IMPORTERS OF PANELS/MODULES FROM ANY COUNTRY THAT DO NOT CONTAIN SUBJECT SOLAR CELLS PRODUCED IN THE PRC MUST MAINTAIN THE FOLLOWING CERTIFICATION, AS WELL AS DOCUMENTATION SUPPORTING THE CERTIFICATION:

IMPORTER CERTIFICATION

I HEREBY CERTIFY THAT I AM AN OFFICIAL OF (INSERT NAME OF COMPANY IMPORTING SOLAR PANELS/MODULES), THAT I HAVE KNOWLEDGE OF THE FACTS REGARDING THE IMPORTATION OF THE SOLAR PANELS/MODULES OR OTHER PRODUCTS CONTAINING SOLAR PANELS/MODULES THAT ENTERED UNDER ENTRY NUMBER(S) (INSERT ENTRY NUMBER(S) COVERED BY THE CERTIFICATION), AND THAT THESE SOLAR PANELS/MODULES DO NOT CONTAIN SOLAR CELLS PRODUCED IN THE PEOPLES REPUBLIC OF CHINA.  BY SIGNING THIS CERTIFICATE, I ALSO HEREBY CERTIFY THAT (INSERT NAME OF COMPANY IMPORTING SOLAR PANELS/MODULES) MAINTAINS SUFFICIENT DOCUMENTATION SUPPORTING THIS CERTIFICATION FOR ALL SOLAR CELLS USED TO PRODUCE THE SOLAR PANELS/MODULES IMPORTED UNDER THE ABOVE-REFERENCED ENTRY NUMBER(S).  I UNDERSTAND THAT AGENTS OF THE IMPORTER, SUCH AS BROKERS, ARE NOT PERMITTED TO MAKE THIS CERTIFICATION.  ALSO, I AM AWARE THAT RECORDS PERTAINING TO THIS CERTIFICATION MAY BE REQUESTED BY CBP.  I UNDERSTAND THAT THIS CERTIFICATION SHOULD BE COMPLETED AT THE TIME OF THE ENTRY.  ALSO, I UNDERSTAND THAT FAILURE TO MAINTAIN THE REQUIRED CERTIFICATION OR FAILURE TO SUBSTANTIATE THE CLAIM THAT THE PANELS/MODULES DO NOT CONTAIN SOLAR CELLS PRODUCED IN THE PEOPLES REPUBLIC OF CHINA WILL RESULT IN SUSPENSION OF ALL UNLIQUIDATED ENTRIES FOR WHICH THESE REQUIREMENTS WERE NOT MET AND THE

REQUIREMENT THAT THE IMPORTER POST AN AD CASH DEPOSIT OR, WHERE APPLICABLE, A BOND, ON THOSE ENTRIES EQUAL TO THE PRC-WIDE RATE IN EFFECT AT THE TIME OF THE ENTRY AND A CVD CASH DEPOSIT, OR WHERE APPLICABLE, A BOND RATE EQUAL TO THE ALL-OTHERS RATE IN EFFECT AT THE TIME OF THE ENTRY.

_____

NAME OF COMPANY OFFICIAL

_____

TITLE

_____

DATE

B.IF AN EXPORTER OF PANELS/MODULES NOT CONTAINING SUBJECT SOLAR CELLS PRODUCED IN THE PRC IS LOCATED IN THE PRC, BOTH THE IMPORTER AND THE EXPORTER MUST MAINTAIN THE FOLLOWING EXPORTER CERTIFICATION CERTIFYING THAT THE PANELS/MODULES DO NOT CONTAIN SOLAR CELLS PRODUCED IN THE PRC AS WELL AS DOCUMENTATION SUPPORTING THE CERTIFICATION:

EXPORTER CERTIFICATION

I HEREBY CERTIFY THAT I AM AN OFFICIAL OF (INSERT NAME OF COMPANY EXPORTING SOLAR PANELS/MODULES), THAT I HAVE KNOWLEDGE OF THE FACTS REGARDING THE EXPORTATION OF THE SOLAR PANELS/MODULES OR OTHER PRODUCTS CONTAINING SOLAR PANELS/MODULES IDENTIFIED BELOW, AND THAT THESE SOLAR PANELS/MODULES DO NOT CONTAIN SOLAR CELLS PRODUCED IN THE PEOPLES REPUBLIC OF CHINA.  BY SIGNING THIS CERTIFICATE, I ALSO HEREBY CERTIFY THAT (INSERT NAME OF COMPANY EXPORTING SOLAR PANELS/MODULES) MAINTAINS SUFFICIENT DOCUMENTATION SUPPORTING THIS CERTIFICATION FOR ALL SOLAR CELLS USED TO PRODUCE THE SOLAR PANELS/MODULES IDENTIFIED BELOW.  I AM AWARE THAT RECORDS PERTAINING TO THIS CERTIFICATION MAY BE SUBJECT TO VERIFICATION BY DEPARTMENT OF COMMERCE OFFICIALS AND I CONSENT TO VERIFICATION WITH RESPECT TO THIS CERTIFICATION AND THESE RECORDS.  I UNDERSTAND THAT THIS CERTIFICATION SHOULD BE COMPLETED AT THE TIME OF SHIPMENT. I ALSO UNDERSTAND THAT FAILURE TO MAINTAIN THE REQUIRED CERTIFICATION OR FAILURE TO SUBSTANTIATE THE CLAIM THAT THE PANELS/ MODULES DO NOT CONTAIN SOLAR CELLS PRODUCED IN THE PEOPLES REPUBLIC OF CHINA WILL RESULT IN SUSPENSION OF ALL UNLIQUIDATED ENTRIES FOR WHICH THESE REQUIREMENTS WERE NOT MET AND THE REQUIREMENT THAT THE IMPORTER POST AN AD CASH DEPOSIT OR, WHERE APPLICABLE, A BOND, ON THOSE ENTRIES EQUAL TO THE PRC-WIDE RATE IN EFFECT AT THE TIME OF THE ENTRY AND A CVD CASH DEPOSIT, OR

WHERE APPLICABLE, A BOND RATE EQUAL TO THE ALL-OTHERS RATE IN EFFECT AT THE TIME OF THE ENTRY.

THE EXPORTS COVERED BY THIS CERTIFICATION ARE (INSERT INVOICE NUMBERS, PURCHASE ORDER NUMBERS, EXPORT DOCUMENTATION, ETC. TO IDENTIFY THE EXPORTS COVERED BY THE CERTIFICATION).


_____

NAME OF COMPANY OFFICIAL

_____

TITLE

_____

DATE

4.  THE IMPORTER AND PRC-EXPORTER CERTIFICATIONS AND SUPPORTING DOCUMENTATION MUST BE MAINTAINED BY THE PARTIES DESCRIBED ABOVE BUT WILL ONLY BE PROVIDED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) BY THE IMPORTER AT THE REQUEST OF CBP.  THESE DOCUMENTS SHOULD NOT BE PROVIDED BY THE IMPORTER AS PART OF THE ENTRY DOCUMENT PACKAGE, UNLESS SPECIFICALLY REQUESTED BY CBP.

5.  THE IMPORTER CERTIFICATION MUST BE COMPLETED, SIGNED, AND DATED AT THE TIME OF THE ENTRY OF THE PANELS/MODULES.  THE EXPORTER CERTIFICATION MUST BE COMPLETED, SIGNED, AND DATED AT THE TIME OF SHIPMENT OF THE RELEVANT ENTRIES. FOR ENTRIES ON OR AFTER FEBRUARY 25, 2012, BUT BEFORE MAY 25, 2012, FOR WHICH CERTIFICATIONS ARE REQUIRED, IMPORTERS AND EXPORTERS SHOULD COMPLETE THE REQUIRED CERTIFICATION WITHIN 30 DAYS OF MAY 25, 2012.

6.  CBP MAY ACCEPT THE ABOVE CERTIFICATIONS (AND IF REQUIRED BY CBP, SUPPORTING DOCUMENTATION) TO ESTABLISH THAT THE MERCHANDISE IS NOT COVERED BY THE SCOPE OF THIS INVESTIGATION.  IF THE IMPORTER DOES NOT PROVIDE THE AFOREMENTIONED REQUIRED CERTIFICATION OR DOCUMENTATION AT CBPS REQUEST, CBP IS INSTRUCTED TO SUSPEND ALL UNLIQUIDATED ENTRIES FOR WHICH THE CERTIFICATION OR DOCUMENTATION REQUIREMENTS WERE NOT PROVIDED, AND REQUIRE THE POSTING OF A CASH DEPOSIT OR BOND ON THOSE ENTRIES EQUAL TO THE PRC-WIDE RATE IN EFFECT AT THE TIME OF ENTRY.

7.  IF THE IMPORTED PANEL/MODULE CONTAINS SOME SUBJECT SOLAR CELLS PRODUCED IN THE PRC BUT THE IMPORTER IS UNABLE OR UNWILLING TO IDENTIFY THE TOTAL VALUE

OF THE PANEL/MODULE THAT IS SUBJECT MERCHANDISE, CBP IS INSTRUCTED TO REQUIRE THE POSTING OF A CASH DEPOSIT OR BOND EQUAL TO THE PRC-WIDE RATE IN EFFECT AT THE TIME OF THE ENTRY ON THE TOTAL ENTERED VALUE OF THE PANEL/MODULE.

8.  THIS INVESTIGATION HAS BEEN ASSIGNED INVESTIGATION NUMBER A-570-979.

9.  BECAUSE COMMERCE DETERMINED THAT CRITICAL CIRCUMSTANCES EXIST FOR IMPORTS OF CRYSTALLINE SILICON PHOTOVOLTAIC CELLS, WHETHER OR NOT ASSEMBLED INTO MODULES, FROM THE PRC FROM THE EXPORTER/PRODUCER COMBINATIONS LISTED IN THE COMPANY-DETAILS TABLE APPENDED TO THIS MESSAGE, AS WELL AS FROM THE PRC-WIDE ENTITY, CBP SHALL SUSPEND LIQUIDATION OF ALL APPROPRIATE ENTRIES OF CRYSTALLINE SILICON PHOTOVOLTAIC CELLS, WHETHER OR NOT ASSEMBLED INTO MODULES, FROM THE PRC THAT ARE ENTERED, OR WITHDRAWN FROM WAREHOUSE, FOR CONSUMPTION ON OR AFTER 02/25/2012  WHICH IS 90 DAYS BEFORE THE DATE OF PUBLICATION OF THE PRELIMINARY DETERMINATION IN THE FEDERAL REGISTER.  EFFECTIVE 02/25/2012, FOR ENTRIES OF CRYSTALLINE SILICON PHOTOVOLTAIC CELLS, WHETHER OR NOT ASSEMBLED INTO MODULES, FROM THE PRC FROM THE EXPORTER/PRODUCER COMBINATIONS LISTED IN THE COMPANY-DETAILS TABLE APPENDED TO THIS MESSAGE AS WELL AS FROM THE PRC-WIDE ENTITY, CBP SHALL REQUIRE A CASH DEPOSIT OR THE POSTING OF A BOND EQUAL TO THE DUMPING MARGINS IN THE APPENDED TABLE.

10.  BECAUSE OF THE COMPANION COUNTERVAILING DUTY INVESTIGATION (C-570-980), COMMERCE, WHERE APPROPRIATE, HAS REDUCED THE AMOUNT OF ANTIDUMPING DUTY DEPOSIT RATE BY THE AMOUNT OF THE EXPORT SUBSIDY RATE FOUND.  SPECIFICALLY, THE CASH DEPOSIT RATES SHOWN IN THE COMPANY-DETAILS TABLE APPENDED TO THIS MESSAGE FOR SUBJECT MERCHANDISE EXPORTED BY CHANGZHOU TRINA SOLAR ENERGY CO., LTD. AND PRODUCED BY EITHER CHANGZHOU TRINA SOLAR ENERGY CO., LTD. OR TRINA SOLAR (CHANGZHOU) SCIENCE & TECHNOLOGY CO., LTD.  AND FOR SUBJECT MERCHANDISE EXPORTED BY TRINA SOLAR (CHANGZHOU) SCIENCE & TECHNOLOGY CO., LTD.  AND PRODUCED BY EITHER CHANGZHOU TRINA SOLAR ENERGY CO., LTD. OR TRINA SOLAR (CHANGZHOU) SCIENCE & TECHNOLOGY CO., LTD. EQUAL THE ANTIDUMPING DUTY MARGINS PUBLISHED IN THE FEDERAL REGISTER, LESS THE 0.01 PERCENT PRELIMINARY EXPORT SUBSIDY RATE DETERMINED IN THE COMPANION COUNTERVAILING DUTY INVESTIGATION.   THIS OFFSET SHALL REMAIN IN EFFECT UNTIL 07/23/2012.  AFTER THAT DATE THE FULL AMOUNT OF THE ANTIDUMPING DUTY DEPOSIT SHALL BE REQUIRED.

11.  FOR ALL OTHER ENTRIES OF CRYSTALLINE SILICON PHOTOVOLTAIC CELLS, WHETHER OR NOT ASSEMBLED INTO MODULES, FROM THE PRC, THE FOLLOWING CASH DEPOSIT/BONDING INSTRUCTIONS APPLY:

A.FOR ALL PRC EXPORTERS OF CRYSTALLINE SILICON PHOTOVOLTAIC CELLS, WHETHER OR NOT
ASSEMBLED INTO MODULES, FROM THE PRC WHICH HAVE NOT RECEIVED THEIR OWN RATE, THE CASH DEPOSIT OR BONDING RATE WILL BE THE PRC-WIDE RATE.

B.FOR ALL NON-PRC EXPORTERS OF CRYSTALLINE SILICON PHOTOVOLTAIC CELLS, WHETHER OR NOT
ASSEMBLED INTO MODULES, FROM THE PRC WHICH HAVE NOT RECEIVED THEIR OWN RATE, THE CASH DEPOSIT OR BONDING RATE WILL BE THE RATE APPLICABLE TO THE PRODUCER/EXPORTER COMBINATIONS THAT SUPPLIED THAT NON-PRC EXPORTER.

12.  IN ACCORDANCE WITH T.D. 85-145, AT THE DISCRETION OF CBP, CBP OFFICERS MAY ACCEPT EITHER A SINGLE-ENTRY BASIC IMPORTATION AND ENTRY BOND OR A CONTINUOUS BASIC IMPORTATION AND ENTRY BOND ONLY IF THE AMOUNT OF THE ESTIMATED ANTIDUMPING OR COUNTERVAILING DUTY IS LESS THAN FIVE PERCENT AD VALOREM (OR THE EQUIVALENT).  OTHERWISE, WHERE THE IMPORTER HAS THE OPTION TO POST A BOND FOR ESTIMATED ANTIDUMPING OR COUNTERVAILING DUTIES, CBP OFFICERS MUST REQUIRE A SINGLE-ENTRY BASIC IMPORTATION AND ENTRY BOND PURSUANT TO T.D. 85-145.  YOU ARE INSTRUCTED TO ADHERE TO THE REQUIREMENTS OF T.D. 85-145 WITH RESPECT TO THESE BONDING REQUIREMENTS.

13.  IF THERE ARE ANY QUESTIONS BY THE IMPORTING PUBLIC REGARDING THIS MESSAGE, PLEASE CONTACT THE CALL CENTER FOR THE OFFICE OF AD/CVD OPERATIONS, IMPORT ADMINISTRATION, INTERNATIONAL TRADE ADMINISTRATION, U.S. DEPARTMENT OF COMMERCE AT (202) 482-0984.  CBP PORTS SHOULD SUBMIT THEIR INQUIRIES THROUGH AUTHORIZED CBP CHANNELS ONLY.  (THIS MESSAGE WAS GENERATED BY O4:KH.)

14.  THERE ARE NO RESTRICTIONS ON THE RELEASE OF THIS INFORMATION.

MICHAEL B. WALSH

Company Details

*Party Indicator Value: I = Importer, M = Manufacturer, E = Exporter, S = Sold to Party

| Company Case | Party type | Party name | Rate |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Company Details

*Party Indicator Value: I = Importer, M = Manufacturer, E = Exporter, S = Sold to Party

| Company Case | Party type | Party name | Rate |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Company Details

*Party Indicator Value: I = Importer, M = Manufacturer, E = Exporter, S = Sold to Party

| Company Case | Party type | Party name | Rate |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Company Details

*Party Indicator Value: I = Importer, M = Manufacturer, E = Exporter, S = Sold to Party

| Company Case | Party type | Party name | Rate |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**MESSAGE NO.**                                      **MESSAGE DATE**

**STATUS**                                           **INACTIVATED DATE**

**TYPE**                                             **FR CITE**

**SUB-TYPE**                                          **FR DATE**

**CATEGORY ACCESS**                                  **EFFECTIVE DATE**

**TYPE**          Public        Non-Public           **POI/POR DATE**                  -

**Notice of lifting**                                **PERIOD COVERED**                -
**of Suspension Date**

**SHORT CASE NAME**


**COURT CASE #s**


**REF MESSAGE #s**


**PRINCIPAL CASE #s**


**3rd Country CASE #s**

**RE:**

1.  ON 03/26/2012, THE DEPARTMENT OF COMMERCE (COMMERCE) PUBLISHED IN THE FEDERAL REGISTER (77 FR 17439) ITS AFFIRMATIVE PRELIMINARY COUNTERVAILING DUTY DETERMINATION IN THE COUNTERVAILING DUTY INVESTIGATION OF CRYSTALLINE SILICON PHOTOVOLTAIC CELLS, WHETHER OR NOT ASSEMBLED INTO MODULES, FROM THE PEOPLES REPUBLIC OF CHINA (PRC).  THESE INSTRUCTIONS CLARIFY MESSAGE NO. 2087303, DATED 03/27/2012.

2.  THE MERCHANDISE COVERED BY THIS INVESTIGATION IS CRYSTALLINE SILICON PHOTOVOLTAIC CELLS, AND MODULES, LAMINATES, AND PANELS, CONSISTING OF CRYSTALLINE SILICON PHOTOVOLTAIC CELLS, WHETHER OR NOT PARTIALLY OR FULLY ASSEMBLED INTO OTHER PRODUCTS, INCLUDING, BUT NOT LIMITED TO, MODULES, LAMINATES, PANELS AND BUILDING INTEGRATED MATERIALS.

THIS INVESTIGATION COVERS CRYSTALLINE SILICON PHOTOVOLTAIC CELLS OF THICKNESS EQUAL TO OR GREATER THAN 20 MICROMETERS, HAVING A P/N JUNCTION FORMED BY ANY MEANS, WHETHER OR NOT THE CELL HAS UNDERGONE OTHER PROCESSING, INCLUDING, BUT NOT LIMITED TO, CLEANING, ETCHING, COATING, AND/OR ADDITION OF MATERIALS (INCLUDING, BUT NOT LIMITED TO, METALLIZATION AND CONDUCTOR PATTERNS) TO COLLECT AND FORWARD THE ELECTRICITY THAT IS GENERATED BY THE CELL.

MERCHANDISE UNDER CONSIDERATION MAY BE DESCRIBED AT THE TIME OF IMPORTATION AS PARTS FOR FINAL FINISHED PRODUCTS THAT ARE ASSEMBLED AFTER IMPORTATION, INCLUDING, BUT NOT LIMITED TO, MODULES, LAMINATES, PANELS, BUILDING-INTEGRATED MODULES, BUILDING-INTEGRATED PANELS, OR OTHER FINISHED GOODS KITS.  SUCH PARTS THAT OTHERWISE MEET THE DEFINITION OF MERCHANDISE UNDER CONSIDERATION ARE INCLUDED IN THE SCOPE OF THIS INVESTIGATION.

EXCLUDED FROM THE SCOPE OF THIS INVESTIGATION ARE THIN FILM PHOTOVOLTAIC PRODUCTS PRODUCED FROM AMORPHOUS SILICON (A-SI), CADMIUM TELLURIDE (CDTE), OR COPPER INDIUM GALLIUM SELENIDE (CIGS).

ALSO EXCLUDED FROM THE SCOPE OF THIS INVESTIGATION ARE CRYSTALLINE SILICON PHOTOVOLTAIC CELLS, NOT EXCEEDING 10,000MM2 IN SURFACE AREA, THAT ARE PERMANENTLY INTEGRATED INTO A CONSUMER GOOD WHOSE FUNCTION IS OTHER THAN POWER GENERATION AND THAT CONSUMES THE ELECTRICITY GENERATED BY THE INTEGRATED CRYSTALLINE SILICON PHOTOVOLTAIC CELL.  WHERE MORE THAN ONE CELL IS PERMANENTLY INTEGRATED INTO A CONSUMER GOOD, THE SURFACE AREA FOR PURPOSES OF THIS EXCLUSION SHALL BE THE TOTAL COMBINED SURFACE AREA OF ALL CELLS THAT ARE INTEGRATED INTO THE CONSUMER GOOD.

MODULES, LAMINATES, AND PANELS PRODUCED IN A THIRD-COUNTRY FROM CELLS

PRODUCED IN THE PRC ARE COVERED BY THIS INVESTIGATION; HOWEVER, MODULES, LAMINATES, AND PANELS PRODUCED IN THE PRC FROM CELLS PRODUCED IN A THIRD-COUNTRY ARE NOT COVERED BY THIS INVESTIGATION.

MERCHANDISE COVERED BY THIS INVESTIGATION IS CURRENTLY CLASSIFIED IN THE HARMONIZED TARIFF SYSTEM OF THE UNITED STATES (HTSUS) UNDER SUBHEADINGS 8501.61.0000, 8507.20.80, 8541.40.6020, 8541.40.6030, AND 8501.31.8000. THESE HTSUS SUBHEADINGS ARE PROVIDED FOR CONVENIENCE AND CUSTOMS PURPOSES; THE WRITTEN DESCRIPTION OF THE SCOPE OF THIS INVESTIGATION IS DISPOSITIVE.

3.  AS NOTED IN PARAGRAPH 2, MODULES, LAMINATES, AND PANELS PRODUCED IN A THIRD-COUNTRY FROM SUBJECT CELLS PRODUCED IN THE PRC ARE COVERED BY THIS INVESTIGATION; HOWEVER, MODULES, LAMINATES, AND PANELS PRODUCED IN THE PRC FROM SOLAR CELLS PRODUCED IN A THIRD-COUNTRY ARE NOT COVERED BY THE SCOPE OF THIS INVESTIGATION.  HOWEVER, IN ORDER FOR NO CASH DEPOSIT TO BE REQUIRED FOR PANELS/MODULES NOT CONTAINING SUBJECT SOLAR CELLS PRODUCED IN THE PRC, THE FOLLOWING CERTIFICATION AND DOCUMENTATION REQUIREMENTS MUST BE MET:

A.  IMPORTERS OF PANELS/MODULES FROM ANY COUNTRY THAT DO NOT CONTAIN SUBJECT SOLAR CELLS PRODUCED IN THE PRC MUST MAINTAIN THE FOLLOWING CERTIFICATION, AS WELL AS DOCUMENTATION SUPPORTING THE CERTIFICATION:

IMPORTER CERTIFICATION

I HEREBY CERTIFY THAT I AM AN OFFICIAL OF (INSERT NAME OF COMPANY IMPORTING SOLAR PANELS/MODULES), THAT I HAVE KNOWLEDGE OF THE FACTS REGARDING THE IMPORTATION OF THE SOLAR PANELS/MODULES OR OTHER PRODUCTS CONTAINING SOLAR PANELS/MODULES THAT ENTERED UNDER ENTRY NUMBER(S) (INSERT ENTRY NUMBER(S) COVERED BY THE CERTIFICATION), AND THAT THESE SOLAR PANELS/MODULES DO NOT CONTAIN SOLAR CELLS PRODUCED IN THE PEOPLES REPUBLIC OF CHINA.  BY SIGNING THIS CERTIFICATE, I ALSO HEREBY CERTIFY THAT (INSERT NAME OF COMPANY IMPORTING SOLAR PANELS/MODULES) MAINTAINS SUFFICIENT DOCUMENTATION SUPPORTING THIS CERTIFICATION FOR ALL SOLAR CELLS USED TO PRODUCE THE SOLAR PANELS/MODULES IMPORTED UNDER THE ABOVE-REFERENCED ENTRY NUMBER(S).  I UNDERSTAND THAT AGENTS OF THE IMPORTER, SUCH AS BROKERS, ARE NOT PERMITTED TO MAKE THIS CERTIFICATION.  ALSO, I AM AWARE THAT RECORDS PERTAINING TO THIS CERTIFICATION MAY BE REQUESTED BY CBP.  I UNDERSTAND THAT THIS CERTIFICATION SHOULD BE COMPLETED AT THE TIME OF THE ENTRY.  ALSO, I UNDERSTAND THAT FAILURE TO MAINTAIN THE REQUIRED CERTIFICATION OR FAILURE TO SUBSTANTIATE THE CLAIM THAT THE PANELS/MODULES DO NOT CONTAIN SOLAR CELLS PRODUCED IN THE PEOPLES REPUBLIC OF CHINA WILL RESULT IN SUSPENSION OF ALL UNLIQUIDATED ENTRIES FOR WHICH THESE REQUIREMENTS WERE NOT MET AND THE

REQUIREMENT THAT THE IMPORTER POST AN AD CASH DEPOSIT OR, WHERE APPLICABLE, A BOND, ON THOSE ENTRIES EQUAL TO THE PRC-WIDE RATE IN EFFECT AT THE TIME OF THE ENTRY AND A CVD CASH DEPOSIT, OR WHERE APPLICABLE, A BOND RATE EQUAL TO THE ALL-OTHERS RATE IN EFFECT AT THE TIME OF THE ENTRY.

_____

NAME OF COMPANY OFFICIAL

_____

TITLE

_____

DATE

B.  IF AN EXPORTER OF PANELS/MODULES NOT CONTAINING SUBJECT SOLAR CELLS PRODUCED IN THE PRC IS LOCATED IN THE PRC, BOTH THE IMPORTER AND THE EXPORTER MUST MAINTAIN THE FOLLOWING EXPORTER CERTIFICATION CERTIFYING THAT THE PANELS/MODULES DO NOT CONTAIN SOLAR CELLS PRODUCED IN THE PRC AS WELL AS DOCUMENTATION SUPPORTING THE CERTIFICATION:

EXPORTER CERTIFICATION

I HEREBY CERTIFY THAT I AM AN OFFICIAL OF (INSERT NAME OF COMPANY EXPORTING SOLAR PANELS/MODULES), THAT I HAVE KNOWLEDGE OF THE FACTS REGARDING THE EXPORTATION OF THE SOLAR PANELS/MODULES OR OTHER PRODUCTS CONTAINING SOLAR PANELS/MODULES IDENTIFIED BELOW, AND THAT THESE SOLAR PANELS/MODULES DO NOT CONTAIN SOLAR CELLS PRODUCED IN THE PEOPLES REPUBLIC OF CHINA.  BY SIGNING THIS CERTIFICATE, I ALSO HEREBY CERTIFY THAT (INSERT NAME OF COMPANY EXPORTING SOLAR PANELS/MODULES) MAINTAINS SUFFICIENT DOCUMENTATION SUPPORTING THIS CERTIFICATION FOR ALL SOLAR CELLS USED TO PRODUCE THE SOLAR PANELS/MODULES IDENTIFIED BELOW.  I AM AWARE THAT RECORDS PERTAINING TO THIS CERTIFICATION MAY BE SUBJECT TO VERIFICATION BY DEPARTMENT OF COMMERCE OFFICIALS AND I CONSENT TO VERIFICATION WITH RESPECT TO THIS CERTIFICATION AND THESE RECORDS.  I UNDERSTAND THAT THIS CERTIFICATION SHOULD BE COMPLETED AT THE TIME OF SHIPMENT. I ALSO UNDERSTAND THAT FAILURE TO MAINTAIN THE REQUIRED CERTIFICATION OR FAILURE TO SUBSTANTIATE THE CLAIM THAT THE PANELS/ MODULES DO NOT CONTAIN SOLAR CELLS PRODUCED IN THE PEOPLES REPUBLIC OF CHINA WILL RESULT IN SUSPENSION OF ALL UNLIQUIDATED ENTRIES FOR WHICH THESE REQUIREMENTS WERE NOT MET AND THE REQUIREMENT THAT THE IMPORTER POST AN AD CASH DEPOSIT OR, WHERE APPLICABLE, A BOND, ON THOSE ENTRIES EQUAL TO THE

PRC-WIDE RATE IN EFFECT AT THE TIME OF THE ENTRY AND A CVD CASH DEPOSIT, OR WHERE APPLICABLE, A BOND RATE EQUAL TO THE ALL-OTHERS RATE IN EFFECT AT THE TIME OF THE ENTRY.

THE EXPORTS COVERED BY THIS CERTIFICATION ARE (INSERT INVOICE NUMBERS, PURCHASE ORDER NUMBERS, EXPORT DOCUMENTATION, ETC. TO IDENTIFY THE EXPORTS COVERED BY THE CERTIFICATION).


_____

NAME OF COMPANY OFFICIAL


_____

TITLE


_____

DATE


4.  THE IMPORTER AND PRC-EXPORTER CERTIFICATIONS AND SUPPORTING DOCUMENTATION MUST BE MAINTAINED BY THE PARTIES DESCRIBED ABOVE BUT WILL ONLY BE PROVIDED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) BY THE IMPORTER AT THE REQUEST OF CBP.  THESE DOCUMENTS SHOULD NOT BE PROVIDED BY THE IMPORTER AS PART OF THE ENTRY DOCUMENT PACKAGE, UNLESS SPECIFICALLY REQUESTED BY CBP.

5.  THE IMPORTER CERTIFICATION MUST BE COMPLETED, SIGNED, AND DATED AT THE TIME OF THE ENTRY OF THE PANELS/MODULES.  THE EXPORTER CERTIFICATION MUST BE COMPLETED, SIGNED, AND DATED AT THE TIME OF SHIPMENT OF THE RELEVANT ENTRIES. FOR ENTRIES ON OR AFTER DECEMBER 27, 2011, BUT BEFORE MARCH 26, 2012, FOR WHICH CERTIFICATIONS ARE REQUIRED, IMPORTERS AND EXPORTERS SHOULD COMPLETE THE REQUIRED CERTIFICATION WITHIN 90 DAYS OF MARCH 26, 2012.

6.  CBP MAY ACCEPT THE ABOVE CERTIFICATIONS (AND IF REQUIRED BY CBP, SUPPORTING DOCUMENTATION) TO ESTABLISH THAT THE MERCHANDISE IS NOT COVERED BY THE SCOPE OF THIS INVESTIGATION.  IF THE IMPORTER DOES NOT PROVIDE THE AFOREMENTIONED REQUIRED CERTIFICATION OR DOCUMENTATION AT CBPS REQUEST, CBP IS INSTRUCTED TO SUSPEND ALL UNLIQUIDATED ENTRIES FOR WHICH THE CERTIFICATION OR DOCUMENTATION REQUIREMENTS WERE NOT PROVIDED, AND REQUIRE THE POSTING OF A CASH DEPOSIT OR BOND ON THOSE ENTRIES EQUAL TO THE ALL OTHERS RATE IN EFFECT AT THE TIME OF ENTRY.

7.  IF THE IMPORTED PANEL/MODULE CONTAINS SOME SUBJECT SOLAR CELLS PRODUCED

IN THE PRC BUT THE IMPORTER IS UNABLE OR UNWILLING TO IDENTIFY THE TOTAL VALUE OF THE PANEL/MODULE THAT IS SUBJECT MERCHANDISE, CBP IS INSTRUCTED TO REQUIRE THE POSTING OF A CASH DEPOSIT OR BOND EQUAL TO THE ALL OTHERS RATE IN EFFECT AT THE TIME OF THE ENTRY ON THE TOTAL ENTERED VALUE OF THE PANEL/MODULE.

8.  AS DISCUSSED IN PARAGRAPH 2 OF MESSAGE NO. 2087303, DATED 03/27/2012 AND PARAGRAPH 2 ABOVE, COMMERCE CONSIDERS MODULES, LAMINATES, AND PANELS PRODUCED IN A THIRD-COUNTRY FROM CELLS PRODUCED IN THE PRC TO BE COVERED BY THE SCOPE OF THIS INVESTIGATION.  HOWEVER, MODULES, LAMINATES, AND PANELS PRODUCED IN THE PRC FROM CELLS PRODUCED IN A THIRD-COUNTRY ARE NOT COVERED BY THE SCOPE OF THIS INVESTIGATION.  SINCE IMPORTERS MAY IMPORT MODULES, LAMINATES, AND PANELS PRODUCED IN A THIRD COUNTRY FROM SUBJECT SOLAR CELLS PRODUCED IN THE PRC, THIRD-COUNTRY CASE NUMBERS HAVE BEEN ESTABLISHED TO ALLOW SUCH MERCHANDISE TO BE PROPERLY CLAIMED AS SUBJECT MERCHANDISE UPON ENTRY.  PARAGRAPH 9 PROVIDES A LIST OF THIRD COUNTRIES FOR WHICH WE HAVE ESTABLISHED CASE NUMBERS FOR MERCHANDISE COVERED BY THE SCOPE OF THIS INVESTIGATION.

9.  THE FOLLOWING IS A LIST OF THIRD COUNTRIES AND THE CORRESPONDING CASE NUMBERS FOR MERCHANDISE FROM THOSE COUNTRIES THAT IS COVERED BY SCOPE OF THIS INVESTIGATION.  THESE CASE NUMBERS HAVE BEEN ASSIGNED FOR COUNTERVAILING DUTY CUSTOMS PURPOSES.

| COUNTRY : | CASE NUMBER: |
|---|---|
| ARGENTINA | C-357-989 |
| AUSTRALIA | C-602-989 |
| AUSTRIA | C-433-989 |
| BELGIUM | C-423-989 |
| CANADA | C-122-989 |
| CROATIA | C-479-989 |
| CZECH REPUBLIC | C-435-989 |
| DENMARK | C-409-989 |
| FRANCE | C-427-989 |
| GERMANY | C-428-989 |
| HONG KONG | C-582-989 |
| HUNGARY | C-437-989 |
| INDIA | C-533-989 |
| ISRAEL | C-508-989 |
| ITALY | C-475-989 |
| JAPAN | C-588-989 |
| KOREA | C-580-989 |

```
MALAYSIA          C-557-989
MEXICO            C-201-989
NETHERLANDSC-421-989
NEW ZEALANDC-614-989
NORWAY            C-403-989
PHILIPPINESC-565-989
POLAND            C-455-989
PORTUGAL          C-471-989
RUSSIA            C-462-989
SINGAPOR          C-559-989
SPAIN             C-470-989
SWEDEN            C-401-989
SWITZERLANDC-441-989
TAIWAN            C-583-989
THAILAND          C-549-989
TURKEY            C-489-989
UNITED KINGDOMC-412-989
VIETNAM           C-552-989
```

THE LIST PROVIDED ABOVE IS NOT EXHAUSTIVE, AS ADDITIONAL COUNTRIES AND CORRESPONDING CASE NUMBERS MAY BE ADDED BASED ON CHANGES IN THE PATTERNS OF TRADE.  IF CBP BECOMES AWARE OF ENTRIES OF SOLAR PANELS/MODULES WITHIN THE SCOPE OF THIS INVESTIGATION THAT WERE EXPORTED FROM A THIRD-COUNTRY THAT IS NOT IDENTIFIED ABOVE AND/OR IS NOT IN THE ACE CASE REFERENCE FILE, CBP SHOULD NOTIFY COMMERCE IMMEDIATELY ABOUT SUCH ENTRIES.  IF IMPORTERS ARE ATTEMPTING TO IMPORT SOLAR PANELS/MODULES WITHIN THE SCOPE OF THIS INVESTIGATION THAT WERE EXPORTED FROM A THIRD-COUNTRY WITHOUT A THIRD-COUNTRY CASE NUMBER RELATED TO THIS INVESTIGATION, IMPORTERS SHOULD CONTACT THE PORT OF ENTRY IMMEDIATELY.  CBP HEADQUARTERS SHOULD NOTIFY COMMERCE IMMEDIATELY ABOUT SUCH IMPORTS.

AS OF THE DATE OF THIS MESSAGE, THIRD-COUNTRY COMPANY-SPECIFIC CASE NUMBERS FOR THIS INVESTIGATION HAVE NOT BEEN ESTABLISHED, OTHER THAN THE CASE NUMBERS PERTAINING TO THIRD-COUNTRY ALL OTHERS.  IMPORTERS OF SUBJECT SOLAR PANELS/MODULES THAT WERE EXPORTED FROM THIRD-COUNTRIES WHO ATTEMPT TO ENTER THE PANELS/MODULES AT A COMPANY-SPECIFIC CASH DEPOSIT RATE LISTED IN MESSAGE NO. 2087303 WHICH HAS NOT BEEN ESTABLISHED FOR THE THIRD COUNTRY IN THE ACE CASE REFERENCE FILE SHOULD CONTACT THE PORT OF ENTRY IMMEDIATELY.  CBP HEADQUARTERS SHOULD NOTIFY COMMERCE IMMEDIATELY ABOUT SUCH IMPORTS.

10.  FOR ENTRIES OF MODULES/PANELS PRODUCED IN A THIRD COUNTRY FROM SUBJECT

SOLAR CELLS THAT WERE PRODUCED IN THE PRC, CBP SHALL SUSPEND LIQUIDATION OF SUCH MERCHANDISE, THAT IS ENTERED, OR WITHDRAWN FROM WAREHOUSE, FOR CONSUMPTION, ON OR AFTER 12/27/2011.  EFFECTIVE 12/27/2011, CBP SHALL REQUIRE A CASH DEPOSIT FOR SUCH ENTRIES PURSUANT TO THE INSTRUCTIONS PROVIDED IN MESSAGE NO. 2087303

11.  IF THERE ARE ANY QUESTIONS BY THE IMPORTING PUBLIC REGARDING THIS MESSAGE, PLEASE CONTACT THE CALL CENTER FOR THE OFFICE OF AD/CVD OPERATIONS, IMPORT ADMINISTRATION, INTERNATIONAL TRADE ADMINISTRATION, U.S. DEPARTMENT OF COMMERCE AT (202) 482-0984.  CBP PORTS SHOULD SUBMIT THEIR INQUIRIES THROUGH AUTHORIZED CBP CHANNELS ONLY.  (THIS MESSAGE WAS GENERATED BY O6:GC.)

12.  THERE ARE NO RESTRICTIONS ON THE RELEASE OF THIS INFORMATION.

MICHAEL B. WALSH

**EXHIBIT 3**
**Request for Information**
**BPI**

**EXHIBIT 4**
**Response to Request for Information**
**BPI**

**EXHIBIT 5**
**Notice of Action**
**BPI**

**EXHIBIT 6**
**Customs Invoices**
**BPI**

**EXHIBIT 7**
**Protests**
**BPI**