## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| GREENTECH ENERGY SOLUTIONS, INC., <br><br>                           Plaintiff, <br><br>        v. <br><br> UNITED STATES, <br><br>                         Defendant. | Court No. 23-00118 <br><br> **PUBLIC VERSION** |

## PLAINTIFF GREENTECH ENERGY SOLUTION, INC.'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Mark B. Lehnardt
Law Office of David L. Simon, PLLC
1025 Connecticut Ave., N.W., Ste. 1000
Washington, D.C. 20036
(202) 642-4850

*Counsel to Greentech Energy Solutions, Inc.*

Dated:  October 12, 2023

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

ARGUMENT ......................................................................................................................5

I.    28 U.S.C. § 1581(i) IS TAILOR-MADE FOR GREENTECH'S ACTION BECAUSE NO OTHER SECTION OF 1581 PROVIDES RELIEF FOR A CHALLENGE OF COMMERCE'S UNPRECEDENTED IMPOSITION OF AD AND CVD DUTIES ON MERCHANDISE THAT IS NOT SUBJECT TO AN AD OR CVD ORDER ................................................................................................5

    A.    CBP's Actions Carrying Out Commerce's Instructions Could Not Be Protested and Were Purely Ministerial Making Relief Under Section 28 U.S.C. § 1581(a) Manifestly ................................................................................6

    B.    As an Importer of Solar Cells from Vietnam, Greentech Was Not and Could Not Become an Interested Party, Rendering Relief Under 28 U.S.C. § 1581(c) Manifestly Inadequate ................................................................................10

    C.    Greentech Lacked Standing to Bring an Earlier Challenge to Commerce's Certification Requirement and Instructions Under 28 U.S.C. § 1581 (i) Because Greentech Did Not Suffer Injury Until CBP Issued the Notice of Action in 2021 ................................................................................14

    D.    Exhaustion Does Not Apply in 28 U.S.C. 1581(i) Because No Appropriate Remedies Were Available ............................................17

II.    DEFENDANT'S COLLECTION OF AD AND CVD DUTIES FROM AN IMPORTER OF MERCHANDISE NOT SUBJECT TO AN AD OR CVD ORDER IS PUNITIVE AND THE FINE IS EXCESSIVE ................................................................................18

    A.    The Undisputed Facts Establish Greentech Imported Merchandise that Is Not Subject to the *Solar Cells* from China Orders ................................................................................19

    B.    Defendant's Imposition of AD and CVD Duties on Merchandise Not Subject to an AD or CVD Order Is Punitive, Not Remedial ................................................................................23

    C.    Defendant Imposed Excessive Fines in Violation of the Eighth Amendment ................................................................................27

CONCLUSION ................................................................................................................30

# TABLE OF AUTHORITIES

**Cases**

*Ad Hoc Utilities Group v. U.S.*, 625 F.Supp. 2d 1330 (Ct. Int'l Trade 2009) ...........................11

*Alexander v. United States*, 509 U.S. 544, 113 S. Ct. 2766, 125 L. Ed. 2d 441
   (1993) ..............................................................................................................................27

*Belgium v. United States*, 551 F.3d 1339 (Fed. Cir. 2009)..........................................................9

*Guangdong Wireking Housewares & Hardware Co. Ltd. v. United States*, 745
   F.3d 1194 (Fed. Cir. 2014)..............................................................................................26

*Holmes v. United States*, 657 F.3d 1303 (Fed. Cir. 2011) ..........................................................16

*Hudson v. United States*, 522 U.S. 93, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997) ....................27

*Huntington v. Attrill*, 146 U.S. 657, 13 S. Ct. 224, 36 L. Ed. 1123 (1892) ...............................23

*Indus. Chems., Inc. v. United States*, 941 F.3d 1368 (Fed. Cir. 2019) ........................................9

*Kokesh v. Sec. & Exch. Comm'n*, 581 U.S. 455, 137 S. Ct. 1635, 198 L. Ed. 2d 86
   (2017) .........................................................................................................................23, 25

*KYD, Inc. v. United States*, 607 F.3d 760 (Fed. Cir. 2010) .......................................................26

*Lincoln General Ins. Co. v. U.S.*, 341 F. Supp.2d 1265 (Ct. Int'l Trade 2004).........................12

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351
   (1992) ..........................................................................................................................14, 15

*Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973 (Fed. Cir. 1994) ...................... passim

*Playhouse Import & Export, Inc. v. United States*, 843 F.Supp. 716 (Ct. int'l
   Trade 1994) ........................................................................................................................6

*Reed v. Goertz*, 143 S. Ct. 955, 215 L. Ed. 2d 218 (2023) ........................................................15

*Rimco v. United States,* 582 F.Supp.3d 1313 (Ct. Int'l Trade 2022). ............................... passim

*Royal Business Machs., Inc. v. United States*, 1 CIT 80, 507 F. Supp. 1007 (1980)..................10

Royal Business Machs., Inc. v. United States, 69 CCPA 61, 669 F.2d 692 (1982) ...................10

*TR Int'l Trading Co. v. United States*, 433 F. Supp. 3d 1329 (Ct. Int'l Trade 2020) ..................9

*U.S. Shoe Corp. v. United States*, 114 F.3d 1564 (Fed. Cir. 1997) ...............................................8

*United States v. Bajakajian*, 524 U.S. 321, 118 S. Ct. 2028, 141 L. Ed. 2d 314 (1997) ........................................................................................................23, 25, 27, 29

*United States v. Great Am. Ins. Co. of N.Y.*, 121 F.Supp.3d 1288 (Ct. Int'l Trade 2015)...............................................................................................................................19

*United States v. United States Shoe Corp.*, 523 U.S. 360, 118 S. Ct. 1290, 140 L. Ed. 2d 453 (1998)................................................................................................................8

**Statutes**

19 U.S.C § 1671 ...........................................................................................................................23

19 U.S.C § 1673 ...........................................................................................................................23

19 U.S.C. § 1484 ..........................................................................................................................16

19 U.S.C. § 1484(a)(1)(B)(i)........................................................................................................17

19 U.S.C. § 1484(a)(1)(B)(ii).......................................................................................................17

19 U.S.C. § 1484(a)(1)(B)(iii) ......................................................................................................17

19 U.S.C. § 1514.................................................................................................................. passim

19 U.S.C. § 1514(a) ............................................................................................................5, 6, 7, 9

19 U.S.C. § 1514(a)(2)................................................................................................................6, 7

19 U.S.C. § 1514(a)(3)................................................................................................................7, 9

19 U.S.C. § 1515 ..........................................................................................................................17

19 U.S.C. § 1516a(f)(3) ................................................................................................................11

19 U.S.C. § 1677(9) ..........................................................................................................11, 12, 13

19 U.S.C. § 1677(9)(A) ................................................................................................................11

28 U.S.C. § 1581(i)..............................................................................................................4, 5, 13

28 U.S.C. § 2631(c) ..........................................................................................................11, 12, 13

28 U.S.C. § 2636(i)........................................................................................................................14

28 U.S.C. § 2637(a) ........................................................................................................17

28 U.S.C. § 2637(d) ........................................................................................................18

**Constitutional Provisions**

U.S. CONST. AMEND. VIII ............................................................................................5, 18

**Administrative Determinations**

*Crystalline Silicon Photovoltaic Cells and Modules from China*, 77 Fed. Reg.
    72,884 (Int'l Trade Comm'n Dec. 6, 2012) ........................................................25

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules,
    From the People's Republic of China: Initiation of Antidumping Duty
    Investigation*, 76 Fed. Reg. 70,960 (Dep't of Commerce Nov. 16, 2011) ............11

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules,
    from the People's Republic of China: Amended Final Determination of Sales at
    Less Than Fair Value, and Antidumping Duty Order,* 77 Fed. Reg. 73,018 (Dec.
    7, 2012)...................................................................................................................24

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules,
    from the People's Republic of China: Countervailing Duty Order*, 77 Fed. Reg.
    73,017 (Dec. 7, 2012).............................................................................................24

Plaintiff Greentech Energy Solutions, Inc. ("Greentech") submits this response to Defendant's unmeritorious motion to dismiss.

## INTRODUCTION

This case is about the U.S. Department of Commerce's ("Commerce") unlawful instruction to U.S. Customs and Border Protection ("CBP") to apply antidumping ("AD") duty and countervailing ("CVD") duty orders covering *Crystalline Silicon Photovoltaic Cells, Whether Or Not Assembled Into Modules, From The People's Republic of China* ("*Solar Cells from China*") to solar cells that are not from China.  Here, CBP acted ministerially – not deviating an iota from Commerce's explicit instructions – and imposed AD and CVD duties at the combined rate of 254.19% for *Solar Cells from China* on Greentech's entries of solar modules containing solar cells from Vietnam.[1]  CBP did not conduct any analysis of country of origin or of the scope of the AD and CVD orders on *Solar Cells from China*.  CBP's sole reason for imposing the duties was because Commerce ordered CBP to impose the duties if importers do not provide, on demand, a certificate executed at the time of shipment by the exporter, and another certificate executed at the time of import by the importer, certifying that the solar cells were not produced in China.

Greentech was unaware of the certification requirement at the time of shipment and import, and thus could only (and did) provide certifications certifying that the solar cells were not produced in China "completed, signed, and dated" after the dates of shipment and import.  *See, e.g.,* Amend. Compl., Ex.1, at 6, ¶5; *id.*, Ex.4, at 7-10; *id.*, Ex.7, at 408-11.  Greentech also could and did provide certificatations production records and other evidence establishing that the solar cells were produced in Vietnam.  But CBP gave no weight to either the late certifications or the production records because Commerce

---

[1] For ease of reference, throughout this brief we refer to Greentech's imports as "solar cells," although the imports were solar modules containing solar cells.

instructed that without certificates "completed, signed, and dated" at the proper time, CBP was to impose the 254.19% duties.  Make no mistake, Greentech comes before the Court with clean hands.  If Greentech had acted dishonestly when CBP requested importer and exporter certificates – by back-dating the certifications to 2019 when the imports occurred – this dispute would not exist.  Yet Defendant has chosen to reward Greentech's honesty with severe punishment, to the tune of nearly [

      ] – nearly [               ] value of the solar cells from Vietnam Greentech imported.  *See* Attachment 1, Duty Calculation.

Defendant's motion to dismiss Greentech's action treats this case like a run-of-the-mill challenge to a routine CBP decision when this case is one of first impression.  Greentech raises the important question of whether Commerce exceeded its authority by imposing a first-ever certification requirement on importers of merchandise not subject to an AD or CVD order.  The certification requirement was not imposed by a law or regulation, but was contained, instead, in a 2012 Federal Register Notice announcing the final determination of Commerce's AD investigation of *Solar Cells from China* and in instructions issued by Commerce to CBP in 2012 after the AD and CVD orders were issued.  *See* ECF11, Amend. Compl. at ¶ 4, Ex. 2, Customs Messages.

Commerce's instructions do not limit *when* CBP could ask for certifications.  Indeed, CBP asked Greentech for certifications nearly two years after the solar cells from Vietnam entered the United States.  *See* ECF11, Amend. Compl., ¶20, Ex. 3, Request for Information (dated June 10, 2021); *id.*, at ¶23, Ex. 1, Customs Entry Forms (19 entries occurring between July and October 2019)).  But Commerce placed a time limit on when valid certificates could be executed:  "The importer certification must be completed, signed, and dated *at the time of the entry* of the panels/modules.  The exporter certification must be completed, signed, and dated *at*

*the time of shipment* of the relevant entries."  ECF11, Amend.Compl. at ¶¶ 32-34, Ex.2, Customs

Instructions, at 6, ¶5.

Nearly two years after Greentech imported the solar cells from Vietnam, CBP, acting

purely in a ministerial capacity, asked Greentech for the certifications required in the AD and

CVD instructions CBP received from Commerce under the *Solar Cells from China* Orders:

[



]...."  ECF11, Amend.

Compl.,at ¶26, Ex.3, Request for Information, at 2. When Greentech was unable to provide

certifications "completed, signed, and dated" on the date of shipment and the date of entry, CBP

issued a Notice of Action informing Greentech its imports of solar cells from Vietnam were

being assessed AD and CVD duties based on the *Solar Cells from China* orders.  *Id*., at ¶¶26,29-

30, Exs.4-5.  CBP's action was based solely and entirely upon Commerce's instructions

requiring the certifications.  *Id*., at ¶¶26,29-30, Ex.5.  Greentech brought this case to challenge

the lawfulness of Commerce's certification requirement that CBP applied to the solar cells from

Vietnam imported by Greentech (Counts One and Two) and the Constitutionality of the fine

Commerce imposed (Count Three).  Defendant moved to dismiss all three counts for lack of

jurisdiction and moved to dismiss Count Three for failure to state a claim upon which relief can

be granted.

Defendant's motion to dismiss for lack of jurisdiction fails because it rests on the

mistaken premise that jurisdiction is available under either or both of 28 U.S.C. §§ 1581(a) and

(c).  As discussed in Section I.A below, 28 U.S.C. § 1581(a) is not available because Commerce,

not CBP, issued the instructions and certification requirement Greentech challenges.  CBP

cannot undo or contravene Commerce's certification requirement or instructions and did not try to. CBP simply applied Commerce's instructions without analysis or question. CBP's role was purely ministerial, making relief under 28 U.S.C. § 1581(a) manifestly inadequate.

As discussed in Section I.B below, 28 U.S.C. § 1581(c) was not available, or was manifestly inadequate, because Greentech was not and could not become an "interested party" in either Commerce's 2012 *Solar Cells from China* original investigations or in a subsequent administrative review of the *Solar Cells from China* orders. In Section I.C below, Greentech demonstrates why Defendant's spurious statute of limitations argument fails by ignoring basic principles of standing. Greentech did not suffer an actual concrete injury until CBP issued the Notice of Action, and Greentech filed this action well within 28 U.S.C. §1581(i)'s two-year limitations period. Finally, in Section I.D, Greentech demonstrates it has satisfied the exhaustion requirement needed to invoke jurisdiction under 28 U.S.C. § 1581(i) in this action.

Consequently, because jurisdiction is not and has not been available under 28 U.S.C. §§ 1581(a) or (c), exhaustion is not at issue, Greentech's action is timely, jurisdiction appropriately lies within 28 U.S.C. § 1581(i), and the Court must therefore deny Defendant's motion to dismiss for lack of jurisdiction.

Defendant has also moved to dismiss Count Three, incorrectly claiming that Count Three does not state a claim upon which relief may be granted. As discussed in Section II below, the entirety of Defendant's argument against Count Three rests on the premise that Commerce's certification requirement and instructions are remedial, not punitive. Indeed, that requirement may be remedial when applied to merchandise subject to an order. But when AD and CVD duties are applied to merchandise that is not subject to an AD or CVD order for the sole offense of not having a certificate executed at a specific moment in time, and as a deterrent to would be

evaders, as they were here, Supreme Court precedent holds they are punitive, not remedial.  The Eighth Amendment to the U.S. Constitution prohibits civil fines when they are grossly disproportionate to the offense, U.S. CONST. AMEND. VIII, which those imposed by Defendant clearly are.

The Court possesses jurisdiction under 28 U.S.C. § 1581(i) on all three counts of Greentech's Amended Complaint.  Accordingly, the Court must deny Defendant's motion.

## ARGUMENT

I.   **28 U.S.C. § 1581(I) IS TAILOR-MADE FOR GREENTECH'S ACTION BECAUSE NO OTHER SECTION OF 1581 PROVIDES RELIEF FOR A CHALLENGE OF COMMERCE'S UNPRECEDENTED IMPOSITION OF AD AND CVD DUTIES ON MERCHANDISE THAT IS NOT SUBJECT TO AN AD OR CVD ORDER**

 As discussed in the Introduction, far from being an appeal of a routine protest of a CBP decision under subsection 1581(a), this is precisely the kind of action Section 1581(i) was intended to cover because the actions taken by Commerce, which CBP merely implemented ministerially, cannot be challenged under subsections 1581(a) or (c).  As discussed below, 19 U.S.C. § 1514(a), the statutory provision governing protests, does not allow a protest of Commerce's certification provision and instructions, nor does well-established case law permit appeals of CBP's merely ministerial actions under 28 U.S.C. § 1581(a).  Further, Greentech could not have had standing to challenge the certification requirement under subsection 1581(c), making jurisdiction under subsection 1581(c) unavailable or manifestly inadequate.  Accordingly, jurisdiction under subsection 1581(i) is proper in this case.

A.    **CBP's Actions Carrying Out Commerce's Instructions Could Not Be Protested and Were Purely Ministerial Making Relief Under Section 28 U.S.C. § 1581(a) Manifestly Inadequate**

Jurisdiction under 28 U.S.C. § 1581(a) exists for "any civil action commenced to contest the denial of a protest…." 19 U.S.C. § 1514(a), in turn, specifies what can be protested:  only the "decisions" made by CBP.  In this case, CBP did not make a decision listed in section 1514(a), thus jurisdiction under section 1581(a) is not available.

Jurisdiction under section 1581(a) requires as a predicate one of a specific list of affirmative decisions.  These decisions, listed in section 1514(a), do not include ministerial actions.  The relevant portion of section 1514(a) lists the decisions as follows:

> *decisions* of the Customs service, including the legality of all orders and findings entering into the same, as to –
>
> (1)   the appraised value of the merchandise;
>
> (2)   the classification and rate and amount of duties chargeable;
>
> (3)   all charges or exactions of whatever character *within the jurisdiction of the Secretary of the Treasury*;
>
> (4)   the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;
>
> (5)   the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either section 1500 of this title or section 1504 of this title;
>
> (6)   the refusal to pay a claim for drawback; or
>
> (7)   the refusal to reliquidate an entry under subsection (d) of section 1520 of this title; shall be final and conclusive upon all persons . . . unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of title 28 within the time prescribed by section 2636 of that title. (emphasis added)

The Court's jurisdiction under 28 U.S.C. § 1581(a) is limited to protests of decisions falling within the above categories.  *See Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 976

(Fed. Cir. 1994) (citing *Playhouse Import & Export, Inc. v. United States*, 843 F.Supp. 716, 719 (Ct. int'l Trade 1994)).  Only two provisions of 19 U.S.C. § 1514(a) are conceivably relevant to a challenge to Commerce's certification requirement and instructions:  19 U.S.C. § 1514(a)(2) and 19 U.S.C. § 1514(a)(3).  But upon analysis, these provisions fail to support jurisdiction under section 1581(a).

First, section 1514(a)(2) governs the "classification and rate and amount of duties chargeable."  Defendant cannot reasonably dispute that the phrase "the rate and amount of duties chargeable" in the above provision refers to the rate and duties associated with CBP's classification of the merchandise.  CBP's "classification and rate and amount of duties chargeable" of Greentech's imports under the Harmonized Tariff System was not at issue, as CBP's Notice of Action makes clear.  *See* Am. Compl., Ex.5 (sole reason in Notice of Action for rate advance is failure to comply with Commerce' certification requirement and instructions).  Thus, 19 U.S.C. § 1514(a)(2) was not a valid basis for Greentech to protest Commerce's certification requirement and instructions to CBP.  Thus, there was no jurisdictional path to the Court based on section 1514(a)(2).

Second, section 1514(a)(3) also was not available.  Section 1514(a)(3) provides jurisdiction for protests of CBP's decisions concerning "charges or exactions" of any character.  Section 1514(a)(3), however, contains a critical limiting exception.  The charge or exaction must be "within the Treasury Department's jurisdiction…."  19 U.S.C. § 1514(a)(3).  Commerce – not CBP – has jurisdiction over calculating and imposing AD and CVD duties.  *Cf. Mitsubishi*, 44 F.3d at 976-77.  The statute, therefore, "expressly excludes antidumping and countervailing duty determinations from the list of protestable decisions," *Rimco v. United States,* 582 F.Supp.3d 1313, 1320 (Ct. Int'l Trade 2022).

CBP's ministerial role in executing liquidation instructions from Commerce falls within well-established precedent holding such action is not protestable and, thus, does not give rise to jurisdiction under 28 U.S.C. § 1581(a).  *Id.*, at 1319-20.  The fact that CBP was performing a ministerial function is evident from CBP's explanation for its action, in which CBP pointing to Commerce instructions for every decision:

- "[






]."

- [








]."

- "[


]." {sic}

Amended Compl. at Ex.5 (*quoting* Commerce MSGs 2153302 and 2163303) (*emphasis added*). In other words, the Notice of Action is not protestable "because CBP lacks discretion when it liquidates entries pursuant to Commerce's liquidation instructions, it 'does not make any section 1514 . . . "decisions."'"  *Rimco*, 582 F.Supp.3d at 1320 (*quoting Mitsubishi*, 44 F.3d at 977 (*citing U.S. Shoe Corp. v. United States*, 114 F.3d 1564, 1569 (Fed. Cir. 1997), *aff'd, United States v. United States Shoe Corp*., 523 U.S. 360, 118 S. Ct. 1290, 140 L. Ed. 2d 453 (1998) ("Typically, 'decisions' of {CBP} are substantive determinations involving the application of

pertinent law and precedent to a set of facts, such as tariff classification and applicable rate of duty.")))

CBP did not make any decision of its own or exercise any discretion when determining the consequence for Greentech's failure to provide certifications "completed, signed, and dated at the time of the entry" and "at the time of shipment," nor did Commerce authorize CBP to exercise any discretion to determine consequences.  CBP merely read Commerce's certification requirements and instructions, observed that Greentech had not provided the required certifications, and imposed the consequence mandated by Commerce.  CBP's actions fit the definition of "ministerial" to a tee – a point Defendant appears to concede.  *See* Deft.'s Mot. at 27 (*citing Belgium v. United States*, 551 F.3d 1339, 1343 (Fed. Cir. 2009) (*citing Mitsubishi*, 44 F.3d at 977).

The Federal Circuit has made clear that "Customs' 'merely ministerial' actions are not protestable under 19 U.S.C. § 1514.'"  *Indus. Chems., Inc. v. United States*, 941 F.3d 1368, 1371 (Fed. Cir. 2019) (quoting *Mitsubishi*, 44 F.3d at 977).  In short, Greentech could not have protested the legality of Commerce's certification requirement and instructions under 19 U.S.C. § 1514(a)(3) because CBP had no authority or discretion to make a different decision in the absence of the certifications.

Defendant errantly cites *TR Int'l Trading Co. v. United States*, 433 F. Supp. 3d 1329, 1341 (Ct. Int'l Trade 2020), as support for the principle that "CBP's role {is} to apply and to enforce antidumping and countervailing duty orders and related instructions issued by Commerce."  Deft.'s Mot at 18.  As Defendant's quotation acknowledges, however, *TR Int'l Trading* involved a decision by CBP about whether goods fell within the scope of an AD/CVD order.  *See* Deft.'s Mot. at 18.  Defendant cannot dispute CBP did not conduct any scope analysis

or even any country-of-origin analysis.  CBP simply observed ministerially that Greentech was

unable to provide the certifications per Commerce's instructions, which automatically resulted in

CBP imposing 254.19% duties on Greentech's imports.

Further, neither a scope analysis or country-of-origin analysis could have changed the

dynamic of the situation.  Even had CBP found the solar cells from Vietnam not to be covered by

scope of the *Solar Cells from China* orders or found the solar cells to have a Vietnamese country

of origin, which are obvious conclusions under the circumstances of this case, the entries still

would have run afoul of Commerce's unlawful instruction that CBP impose the 254.19% duties

upon the importer's failure to provide the required certifications upon request.  "Customs cannot

'modify . . . {Commerce's} determinations, their underlying facts, or their enforcement.'"

*Mitsubishi*, 44 F.3d at 977 (*quoting Royal Business Machs., Inc. v. United States*, 1 CIT 80, 507

F. Supp. 1007, 1014 n.18 (Ct. Int'l Trade 1980) *aff'd*, 69 CCPA 61, 669 F.2d 692 (1982)).

Because CBP acted ministerially, exercising no discretion and consequently making no

protestable decision, Greentech could not lodge a meaningful protest with CBP to challenge

Commerce's certification requirement and instructions.  Accordingly, jurisdiction was not

available pursuant to 28 U.S.C. § 1581(a) and relief under that provision was, therefore,

manifestly inadequate.

**B.      As an Importer of Solar Cells from Vietnam, Greentech Was Not and Could Not Become an Interested Party, Rendering Relief Under 28 U.S.C. § 1581(c) Manifestly Inadequate**

Defendant's motion does not directly address the adequacy of relief under 28 U.S.C. §

1581(c).  Defendant, instead, argues that Greentech's "standalone challenge to Commerce's

imposition of the certification requirement" is untimely based on two dates of when the statute of

limitations started to run and a legally flawed theory of what triggered it.  *See* Deft.'s Mot. to

Dismiss at 26-27.  In Sections I.B.1-2 below, Greentech discusses why Section 1581(c) was

unavailable in 2012 and 2019 based merely on importation and, in Section I.C, why Greentech's action was timely filed under 28 U.S.C. § 1581(i)'s two-year statute of limitations once Greentech had standing.

### 1.    Greentech Was Not and Could Not Have Been an Interested Party in 2012

Defendant claims, without analysis, that Greentech could have challenged the certification requirement when Commerce described the requirement in its final determination in the 2012 AD investigation of *Solar Cells from China*.  *See* Deft's Mot. at 26 ("Thus, any challenge to Commerce's authority to require importer and certain exporter certifications accrued in 2012, when the certification requirement was issued.").  Defendant, however, does not identify what provision of 28 U.S.C. § 1581 Greentech could have secured jurisdiction.  The only two possibilities are 28 U.S.C. §§ 1581(c) (discussed here) and (i) (discussed in Section I.C).  Neither subsection of section 1581 was available in 2012, or they were manifestly inadequate, because Greentech did not qualify as an interested party, and had suffered no injury, and thus would not have had standing to challenge under section 1581(c) or 1581(i).

Standing to commence a civil action challenging a final determination by Commerce is governed by 28 U.S.C. § 2631(c).  Under section 2631(c), only an "interested party who was a party to the proceeding" can prosecute an appeal under section 1581(c).  To qualify as an interested party, Greentech had to have imported solar panels during the period of investigation, the most recent two quarters before the petition was filed – that is between April 1, 2011, and September 30, 2011.  *See* 19 U.S.C. § 1516a(f)(3) and 19 U.S.C. § 1677(9)(A); *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Antidumping Duty Investigation*, 76 Fed. Reg.  70,960 (Dep't of Commerce Nov. 16, 2011) ("*Solar Cells AD Initiation*").  Further, it is not enough to be just an "interested party" or just a "party to the proceeding," a party must be both.  *See Ad Hoc Utilities*

*Group v. U.S.*, 625 F.Supp. 2d 1330, 1337 (Ct. Int'l Trade 2009); *see also Lincoln General Ins. Co. v. U.S.*, 341 F. Supp.2d 1265, 1269 (Ct. Int'l Trade 2004).  In 2011 and 2012, Greentech had not imported the solar cells from Vietnam at issue in this dispute.  Thus, Greentech was not an interested party and consequently could not be a party to the proceeding.  In fact, any importer that imported solar panels from any other country besides China – the very importers that Commerce wanted to subject to the certification requirement – could not qualify as interested parties or consequently parties to the proceeding.

The statute defines an interested party, in relevant part, as:

> (A) a foreign manufacturer, producer, or exporter, or the United States importer, of subject merchandise or a trade or business association a majority of the members of which are producers, exporters, or importers of such merchandise.

19 U.S.C. § 1677(9).  Defendant cannot credibly argue that Greentech's importation of solar cells from Vietnam in 2019 qualified Greentech as an interested party to the *Solar Cells from China* investigations in 2012.  Consequently, Greentech and similarly situated importers did not have, and could not have had standing pursuant to 28 U.S.C. § 2631(c) to bring a suit under 28 U.S.C. § 1581(c) to challenge Commerce's certification requirement and instructions at the completion of the *Solar Cells from China* investigations in 2012.

> **2.      Greentech Could Not Have Been an Interested Party in Commerce's Administrative Reviews Covering the Period During which Greentech Imported Solar Cells from Vietnam**

Defendant also mistakenly suggests Greentech had to challenge the certification requirement in 2019 when Greentech imported solar cells from Vietnam.  *See* Deft's Mot. at 26. In Section I.C below, Greentech establishes it could not have brought an action under 28 U.S.C. § 1581(i) in 2019 because there was no injury.  Here, Greentech demonstrates why jurisdiction pursuant to 28 U.S.C. § 1581(c) was not possible in 2019.  As discussed in Section I.B.1 above,

28 U.S.C. § 2631(c) governs standing in appeals of final commerce determinations, including annual administrative reviews.  As with final determinations in investigations, however, only interested parties (including importers of solar panels from China) have standing to participate in and later appeal the final results of a annual administrative review.  Even after Greentech imported solar modules containing solar cells from Vietnam, Greentech was not and could not have been an interested party for the plain reason that solar cells from Vietnam are not subject to the AD and CVD orders on *Solar Cells from China*, and 19 U.S.C. § 1677(9) defines an interested party as an importer of subject merchandise.  Nor did Greentech have any reason to seek a scope ruling from Commerce because the scope language includes only solar cells produced in China, a fact Defendant cannot dispute.

This factual difference fundamentally distinguishes Greentech from the importer in *Rimco*, where this Court ruled 28 U.S.C. § 1581(c) was available, because the importer in that case was importing subject merchandise – solar cells from China – and, therefore, could have pursued any claims against Commerce through an administrative review.  *See Rimco*, 582 F.Supp.3d at 1321 ("Rimco, as an importer of subject merchandise, was an interested party that could have requested administrative reviews of the countervailing and antidumping duty rates on its imports.").  Consequently, because Greentech was not an interested party, Greentech could not have participated in an administrative review, meaning Greentech lacked standing pursuant to 28 U.S.C. § 2631(c) from challenging Commerce's certification requirement and instructions under 28 U.S.C. § 1581(c) when Greentech imported the merchandise in 2019.

**C.      Greentech Lacked Standing to Bring an Earlier Challenge to Commerce's Certification Requirement and Instructions Under 28 U.S.C. § 1581 (i) Because Greentech Did Not Suffer Injury Until CBP Issued the Notice of Action in 2021**

In arguing for dismissal based on untimeliness under the two-year statute of limitations of 28 U.S.C. § 1581(i), Defendant ignores both the express standing language of 28 U.S.C. § 2636(i) – requiring a party be "adversely affected and aggrieved by agency action" – and the cardinal principle of standing requiring injury in fact that is concrete and particularized and actual or imminent.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *accord Rimco*, 582 F.Supp.3d at 1323.  As discussed below, Greentech was not adversely affected or aggrieved and did not suffer a concrete actual injury based merely on Commerce's description of the intended certification requirement in the *AD Final Determination* and subsequent CBP instructions.  Indeed, that agency action had no bearing on Greentech until CBP informed Greentech via the Notice of Action assessing Greentech's imports AD and CVD duties under the orders on *Solar Cells from China*.  *See* Amend. Compl, Ex.5.  At that point, Greentech became adversely affected, aggrieved, and injured.

Defendant claims that Greentech's cause of action accrued in 2012 based solely upon the assertion that Greentech did not state otherwise in the Amended Complaint.  *See* Deft.'s Mot. at 26.  As we established above, Greentech was not importing solar cells from Vietnam in 2012, thus, Greentech was not an interested party and could not have been a party to the proceeding. Defendant's argument about 2012 is, thus, readily dismissed.

Defendant's argument about 2019 is no more compelling.  In 2019, Greentech imported solar cells from Vietnam and, therefore, even if Greentech wanted to challenge Commerce's certification requirement and instructions in Commerce's administrative reviews of the *Solar Cells from China* orders, Greentech could not have.   Greentech's importation of solar cells from

14

Vietnam did not result in any adverse effect from agency action or any injury at the time of importation, those only occurred when CBP asked for certifications (and imposed duties ministerially pursuant to Commerce's instructions) nearly two years after the entries.

Defendant's reliance on case law is misplaced because not a single case Defendant cites questions the need for concrete and actual or imminent injury in fact before an action can be brought. *See Lujan*, 504 U.S. at 560; *accord Rimco*, 582 F.Supp.3d at 1323. Indeed, as we demonstrate below, all the cases Defendant cites involved situations where an injury existed and the only question was when the injury occurred.

The plaintiff-appellant in *Reed v. Goertz* challenged the state trial court's denial of a motion for DNA testing. *See Reed v. Goertz*, 143 S. Ct. 955, 961, 215 L. Ed. 2d 218 (2023); Deft's Mot. at 25. The Supreme Court addressed whether plaintiff had to challenge that ruling immediately or could wait until the conclusion of the state court litigation. *Id.* The Supreme Court held that the statute of limitations for bringing the federal action did not begin to run until the state court litigation concluded and there was no possibility of the trial court's ruling being reversed. *See Reed*, 143 S. Ct. at 961. Notably, the Supreme Court decided against the government's argument that the limitations period ran from the earliest possible moment (*i.e.*, when the trial court denied the motion). The Supreme Court rejected the government's view because Reed was not deprived of his liberty interest in DNA testing (the actual injury in fact) until the state litigation ended. *See* 143 S. Ct. at 961. The Supreme Court's holding in *Reed* supports Greentech's position.

In *Mitsubishi*, another case Defendant relies on, *see* Deft.'s Mot. at 25, the challenge was directed towards having to pay high duties under Commerce's automatic liquidation instructions when no review was requested of an exporter. *See Mitsubishi*, 44 F.3d at 975. The court in

*Mitsubishi* held that the statute of limitations began to run on the date the automatic assessment of duties took effect, *see id.,* at 978, which supports Greentech's position that CBP's Notice of Action started the limitations period running.  Amend. Compl at ¶¶ 19-21.

Finally, Defendant cites *Holmes v. United States*, 657 F.3d 1303 (Fed. Cir. 2011) for the proposition that a cause of action accrues when "'all the events have occurred' that would entitle Greentech to institute an action challenging that requirement."  Deft.'s Mot. at 26.  As discussed above, Greentech was not "entitled" to institute an action until it had standing, which did not occur until 2021 – not 2019 – when Greentech was adversely affected or aggrieved by CBP's Notice of Action.  In any event, *Holmes* merely stands for the proposition that the statute of limitations against the government can be tolled under certain circumstances in an action for breach of contract.  *See Holmes*, 657 F.3d at 1322.  But the court ruled the breach (*i.e.*, the actual injury in fact) started the running of the statute, not an event prior to the breach.  *See id*., at 1317. In short, Defendant has not cited any authority to support its argument that Greentech's action is time barred.

In attempting to convince the Court of an unjustified alternate basis to dismiss Greentech's action, Defendant presents a straw man argument that Greentech failed to exercise reasonable care, stating:

> To the extent Greentech argues that it could not have known about the certification requirement before CBP's notice of action, it is incorrect.  As the importer of record, Greentech was obligated to use 'reasonable care' to assess whether its imports were subject to any antidumping our countervailing duty orders.

Deft.'s Mot. at 27.  Defendant implies the absence of a certification evidenced Greentech's failure to exercise reasonable care.  Defendant is incorrect as a matter of law.  "Reasonable care" is defined by 19 U.S.C. § 1484, which specifies that an importer must provide documentation to allow CBP to do the following:

16

      (i)   properly assess duties on the merchandise,

      (ii)  collect accurate statistics with respect to the merchandise, and

      (iii) determine whether any other applicable requirement of law (other
           than a requirement relating to release from customs custody) is met.

19 U.S.C. § 1484(a)(1)(B)(i)-(iii).  Defendant has not, nor can it reasonably argue on the facts

presented in the Amended Complaint, that Greentech's entry papers did not allow CBP to assess

the correct duties or collect accurate statistics pursuant to subsections (i)-(ii).

      While Defendant might argue Greentech's entry documentation did not allow CBP to

determine whether any other applicable requirement of law was met pursuant to subsection (iii),

the statutory definition of "reasonable care" did not require that Greentech submit any other

documentation.  Commerce's certification requirement *does not* instruct importers to provide

CBP with certifications.  *See* Am. Compl. at ¶ 25 (citing certification requirement).  In other

words, Greentech was not required to provide the certification to CBP upon entry to comply with

Commerce's certification requirement.  Greentech's satisfied the reasonable care standard.

### D.      Exhaustion Does Not Apply in 28 U.S.C. 1581(i) Because No Appropriate Remedies Were Available

      Defendant argues for dismissal for lack of jurisdiction on the additional ground of

exhaustion because Customs has not decided Greentech's protests and Greentech has not paid

the associated duties as required by 28 U.S.C. § 2637(a).  *See* Deft's Mot. to Dismiss at 23.  The

court must reject Defendant's exhaustion argument because the provision of the statute on which

Defendant relies, 28 U.S.C. § 2637(a), governs actions "contesting the denial of a protest under

section 515 of the Tariff Act of 1930 {19 U.S.C. § 1515}…."  Greentech is not contesting the

denial of a protest.  *See* Deft.'s Mot. at 15-23.  CBP only had no authority but to act in a

ministerial role in the context of this case, thus 28 U.S.C. § 2637(a) does not apply.[2]

---

[2] Greentech filed protests prior to bringing this appeal to preserve the right to challenge CBP's
actions if this Court were to find that CBP had discretion to act differently despite the certification

Greentech brought this action pursuant to the Court's jurisdiction under 28 U.S.C. § 1581(i), which does not require payment of any liquidated duties, charges, or exactions. Further, 28 U.S.C. § 2637(d) governs exhaustion in cases invoking the Court's jurisdiction under 28 U.S.C § 1581(i), but requires exhaustion of administrative remedies only "*where appropriate*." As established above, there were no appropriate administrative remedies existed to exhaust, which is the very reason relief under 28 U.S.C. § 1581(a) and (c) was not available. Consequently, Greentech's action does not run afoul of the exhaustion requirements of 28 U.S.C. § 2637(d) to confer jurisdiction pursuant to 28 U.S.C. § 1581(i), and the Court must reject Defendant's reliance on a statutory provision governing exhaustion for a jurisdiction provision 28 U.S.C. § 1581(a) Greentech did not attempt to, and could not invoke.

## II.   DEFENDANT'S COLLECTION OF AD AND CVD DUTIES FROM AN IMPORTER OF MERCHANDISE NOT SUBJECT TO AN AD OR CVD ORDER IS PUNITIVE AND THE FINE IS EXCESSIVE

Count Three of Greentech's Amended Complaint argues that Defendant's imposition of a [                    ] fine on an importer of merchandise not subject to an AD or CVD order (that is, for which there has been no finding of material injury or above *de minimis* dumping and subsidization) for not having certifications "completed, signed, and dated at the time of shipment" and of entry is altogether disproportionate to the offense and, thus, excessive in contravention of the Eighth Amendment. *See* U.S. CONST. AMEND. VIII; ECF11, Amend.Compl. at ¶¶43-44. Defendant moved to dismiss Count Three for failure to state a claim upon which relief can be granted, arguing solely that the AD and CVD laws are remedial. *See* Deft.'s Mot. at 30. The facts and law are fatal to Defendant's motion. Greentech first discusses the relevant

---

requirements and other instructions. However, 28 U.S.C. § 1581(i) is the correct (and only) method for Greentech to challenge the lawfulness of Commerce's certification requirement and instructions.

facts below, which the Court must take as true in the context of Defendant's motion.  Next,

Greentech addresses why Commerce's certification requirement and instructions are punitive,

not remedial as Defendant argues.  Finally, Greentech demonstrates the penalty is grossly

disproportional to the offense of not having a certification and, therefore, violates the Eighth

Amendment.

### A.  The Undisputed Facts Establish Greentech Imported Merchandise that Is Not Subject to the *Solar Cells* from China Orders

 "When reviewing a motion to dismiss for failure to state a claim, 'any factual allegations

in the complaint are assumed to be true and all inferences are drawn in favor of the plaintiff.'"

*United States v. Great Am. Ins. Co. of N.Y.*, 121 F.Supp.3d 1288, 1290 (Ct. Int'l Trade 2015)

(quoting *Amoco Oil Co. v. United States*, 234 F.3d 1374, 1376 (Fed.Cir.2000)).  The relevant

facts the Court must take as true for purposes of deciding Defendant's motion are:

1) Greentech imported solar modules containing solar cells from Vietnam, *see* Am. Compl. ¶ 9,

2) Greentech imported solar modules containing solar cells produced in Vietnam by a Vietnamese company; *see* Am. Compl. at ¶ 9.

3) the solar modules containing the solar cells from Vietnam were exported to the United States from Vietnam, *see* Am. Compl. ¶ 9,

4) all 19 of the entries at issue, *see* Am. Compl. at ¶ 27, have the same facts described in points 1-4 above,

5) no AD or CVD orders existed on solar cells produced in Vietnam, *see* Am. Compl. ¶ 20.

As Greentech alleged in the Amended Complaint, the above facts, viewed in light of the

applicable standard, establish the merchandise Greentech imported was not subject to the *Solar

Cells from China* orders.

Defendant implies that the solar cells Greentech imported may be of [                    ]

(referencing Greentech's submission arguing they were not) by noting the Vietnamese producer

[

]. *See* Deft.'s Mot.

at 11 (citations omitted).  How these facts are relevant to Defendant's Motion is unclear.

Greentech advanced these arguments to CBP to support its position that the solar cells were of

Vietnamese – [                    ] – origin.  All of the commercial documents point to one

conclusion – the solar cells were produced in Vietnam and exported from Vietnam.

The Customs Entry Summaries provided in Exhibit 1 to the Amended Complaint, an

example of which appears below, all show Vietnam as the country of origin (Line 10) and

country of export (Line 14).

{          Intentionally Left Blank          }

PUBLIC VERSION

PUBLIC VERSION

Likewise, all of the [

].

[

]

Ex. 7 at 13 (the page number of the Exhibit is shown in Box D in the above example); *see also* Ex. 7 at 39, 605-608, 623-626, 641-648, 663-71, 686-95, 710-16, 731-35, 750-56, 771-75, 790-92, 807-09, 824-26, 841-45, 860-61, 876-78, 893-97, 912-16, and 930-32).

Notwithstanding the clear facts establishing the solar cells are of Vietnamese origin, Defendant's motion to dismiss for failure to state a claim is based on purely legal grounds which are unavailing for the reasons discussed next.

### B.     Defendant's Imposition of AD and CVD Duties on Merchandise Not Subject to an AD or CVD Order Is Punitive, Not Remedial

Defendant's sole argument supporting dismissal for failure to state a claim is that AD and CVD laws are remedial, *see* Deft's Mot. to Dismiss at 31-32, and, by extension, that AD and CVD laws remain remedial even when they are imposed on merchandise, like Greentech's, that was never accused of, or found to be injuring a U.S. industry, or of being dumped or subsidized – all prerequisites for obtaining the remedy of an AD or CVD order.  *See* 19 U.S.C §§ 1671, 1673. Imposing AD and CVD duties on merchandise not subject to any AD or CVD order does not provide a remedy to the U.S. industry or the Government, it punishes an importer for the offense of not having a certification.  Under Supreme Court precedent, a forfeiture or payment in kind is a fine for purposes of the Eighth Amendment "if they constitute punishment for an offense." *United States v. Bajakajian*, 524 U.S. 321, 328, 118 S. Ct. 2028, 141 L. Ed. 2d 314 (1997). Likewise, "a 'penalty' is a 'punishment, whether corporal or pecuniary, imposed and enforced by the State, for a crime or offen{se} against its laws.'"  *Kokesh v. Sec. & Exch. Comm'n*, 581 U.S. 455, 461, 137 S. Ct. 1635, 198 L. Ed. 2d 86 (2017) (*citing Huntington v. Attrill*, 146 U.S. 657, 667, 13 S. Ct. 224, 36 L. Ed. 1123 (1892)).  As Greentech stated at the outset, to the best of its knowledge, this case is one of first impression where Defendant seeks to impose AD and CVD duties on merchandise not subject to any AD or CVD order – that is, merchandise for which no

finding of material injury, dumping, or subsidization has been made.  The very act of putting remedial duties on merchandise that has not been found causing any harm is punitive because doing so is not remedying injurious behavior, it is punishing some other offense.

According to Defendant, the remedial nature of the *Solar Cells from China* orders, certification requirement, and instructions are shown by the fact Commerce: 1) received a petition alleging injury caused by imports from China; 2) determined the scope of the *Solar Cells from China* investigations as covered solar panels and modules from third countries containing solar cells from China; 3) issued preliminary and final determinations of dumping by imports from China and subsidization by the Chinese government; and 4) received a determination by the International Trade Commission that dumped and subsidized imports from China injured the U.S. industry.  *See* Deft.'s Mot. at 32.

However, not one of the points Defendant relies on to show the action taken was remedial applies to Greentech's imports of solar cells produced in Vietnam.  Defendant cannot show that imposing AD and CVD duties on solar cells from Vietnam is remedial – as opposed to punitive – because AD and CVD duties under the *Solar Cells from China* Orders were imposed to remedy injury caused by dumped and subsidized solar cells from China – not solar cells from Vietnam. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order,* 77 Fed. Reg. 73,018 (Dec. 7, 2012) (AD order) and *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Countervailing Duty Order*, 77 Fed. Reg. 73,017 (Dec. 7, 2012) (CVD order).  The *Solar Cells from China* petition, scope of investigation, and final determinations all were limited to imports from China, as was the International Trade Commission's injury determination.  *Id.*;

*Crystalline Silicon Photovoltaic Cells and Modules from China*, 77 Fed. Reg. 72,884 (Int'l Trade Comm'n Dec. 6, 2012) (ITC final injury determination).  By logical and legal necessity, it follows that the *Solar Cells from China* orders are remedial only in the context of solar cells from China and are punitive when applied to solar cells from any other country, including Greentech's imports.  Applying the *Solar Cells from China* AD and CVD duties to Greentech's imports of solar cells produced in Vietnam, from which Defendant is not entitled to AD or CVD duties, does not "serve the remedial purpose of compensating the Government for a loss." *Bajakajian*, 524 U.S. at 329.

Defendant argues that Commerce's certification requirement was needed to prevent "efforts to evade enforcement . . . ."  Deft.'s Mot. at 32.  But given the facts presented here, Defendant's imposition of AD and CVD duties on Greentech's imports does not fulfil that purpose because Greentech was not circumventing or attempting to circumvent the AD and CVD orders on *Solar Cells from China*.  As applied to Greentech, the AD and CVD duties are punishment for the offense of not having certifications "completed, signed, and dated at the time of shipment" and of entry.

Further, Defendant cannot argue that penalizing Greentech deters would be circumventers without admitting the purpose is not remedial, because "{d}eterrence . . . has traditionally been viewed as a goal of punishment . . . ."  *Bajakajian*, 524 U.S. at 329. "Sanctions imposed for the purpose of deterring infractions of public laws are inherently punitive because 'deterrence {is} not {a} legitimate nonpunitive governmental objectiv{e}.'"  *Kokesh*, 581 U.S. at 464 (citations omitted) (alterations in original).  The operation of Commerce's certification requirement and instructions as punishment for an offense and as a deterrent is evident when considering that Greentech pays the same China-wide AD rate and all-others CVD

rate as an importer who was attempting to evade the *Solar Cells from China* orders.  While Defendant's fines on the evading importer may be remedial, those fine applied to Greentech are punitive.  Notably, not a single case Defendant cites approves Defendant's imposition of AD or CVD duties on merchandise not subject to any AD or CVD order.

In *Guangdong Wireking Housewares & Hardware Co. Ltd.,* the plaintiff-appellant was a mandatory respondent in an AD and CVD investigation who challenged the constitutionality of applying the CVD law to China.  *See Guangdong Wireking Housewares & Hardware Co. Ltd. v. United States*, 745 F.3d 1194, 1198-99 (Fed. Cir. 2014).  There was no dispute that plaintiff's merchandise was subject to the CVD order on China and the question for the court for was whether including CVD duties on top of AD duties undermined the remedial intent of the laws; and, the court held it did not.  *See id.*, at 1203-04.  Those facts have no bearing on the question before this Court.

Likewise, in *KYD, Inc. v. United States*, an importer of bags, subject to an AD order, challenged Commerce's application of a high dumping rate because the manufacturer of the bags plaintiff-appellant imported had not cooperated with Commerce during the relevant administrative review.  *See KYD, Inc. v. United States*, 607 F.3d 760, 762-63 (Fed. Cir. 2010).  Whether Commerce could apply AD or CVD duties to merchandise not subject to any AD or CVD order was not at issue.  Defendant undoubtedly could cite other cases standing for the same proposition, *i.e.*, that Commerce may impose high rates on parties in AD and CVD proceedings, but, in so doing, Commerce does not contravene the remedial nature of the AD and CVD laws.  Crucially, however, those are not Greentech's facts.  Under Greentech's facts, Defendant's imposition of AD and CVD duties at a combined rate of 254.19% is punishment for Greentech not having certifications.

### C.    Defendant Imposed Excessive Fines in Violation of the Eighth Amendment

The Eighth Amendment extends to excessive civil fines.  *See Hudson v. United States*,

522 U.S. 93, 103, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997) (citing *Alexander v. United States*,

509 U.S. 544, 113 S. Ct. 2766, 125 L. Ed. 2d 441 (1993)).  As shown above, Defendant's

application of Commerce's certification requirement to Greentech punishes Greentech for the

offense of not having a certification and does not remedy injury, dumping or subsidization

caused by imports from China (as noted above, there was no injury, dumping, or subsidization to

remedy with respect to Vietnam).  Thus, the question for the Court to address next is whether the

amount of the fine bears any relationship to the gravity of the offense.  *See* 524 U.S. at 334

(internal citations omitted).

"If the amount of the forfeiture is grossly disproportional to the gravity of the . . . offense,

it is unconstitutional."  524 U.S. at 337.  In the Supreme Court's decision in *U.S. v. Bajakajian*,

an individual failed to report that he intended to transport $357,144 in currency out of the United

States.  *Bajakajian*, 524 U.S. at 325.  After currency sniffing dogs detected money in Mr.

Bajakajian's checked bags at Los Angeles International Airport, a customs inspector approached

Mr. Bajakajian and his wife and informed them of the obligation "to report all money in excess

of $10,000 in their possession or in their baggage."  *Id.* at 324.  Mr. Bajakajian lied to the

customs inspector when questioned about whether he had reported all the currency in his

baggage.  *See id.* at 324-25.  The United States sought forfeiture of the entire $357,144.  *See id..*

at 325.  The district court, affirmed by the Court of Appeals for the Ninth Circuit, ordered

forfeiture of a lesser amount of $15,000, reasoning that full forfeiture was "'extraordinarily

harsh' and 'grossly disproportionate to the offense in question,' and that it would therefore

violate the Excessive Fines Clause."  *Id*. at 326 (citation omitted).

Analogous to Greentech's missing certifications, the Supreme Court characterized Mr. Bajakajian's offense as a "reporting offense" and one that only affected "one party, the Government, and in a relatively minor way." *See id.*, at 339.  The Court continued noting "{t}here was no fraud on the United States, and respondent caused no loss to the public fisc. Had his crime gone undetected, the Government would have been deprived only of the information that $357,144 had left the country." *Id.*, at 339.  The same can be said of the facts relating to Greentech.  Greentech did not commit a fraud on the United States.  Indeed, unlike Mr. Bajakajian, Greentech did not lie, despite having the chance to do so when CBP asked for the certifications.  The absence of a certification "completed, signed, and dated at the time of entry" and "at the time of shipment" did not cause any loss to the public fisc because Defendant was not entitled to AD or CVD duties on solar cells produced in Vietnam.  Last, Greentech's lack of certifications for its imports of solar cells from Vietnam had no consequence, adverse or otherwise, to the administration and enforcement of the AD and CVD orders on *Solar Cells from China* or the nation's trade laws, other than as a punishment or a deterrent.

The fine Defendant levied was excessive and disproportional to any offense Greentech committed, and the Court should so rule.  At the outset, it is crucial for the Court to consider, when considering Greentech's "offense," that Greentech did not owe AD or CVD duties on any of the 19 entries of imported solar modules from Vietnam.  Greentech's sole offense was not having certifications dated at the time of entry and the time of shipment stating that the merchandise was not produced in China and thus subject to the AD and CVD orders on *Solar Cells from China*.  Further, the requirement giving rise to Greentech's offense is relevant when measuring the proportionality of the punishment.  CBP asked Greentech for the certifications almost two years later after entry.

Defendant's fine of **[                              ]** is grossly disproportionate to the minor offense of not having a certification that the solar cells were not produced in China, and the Court should so find after denying Defendant's motion to dismiss and reaching the merits.

Defendant may try to lessen the clear import of the Supreme Court's holding in *Bajakajian* to the facts of this case by arguing that customs cases cited in that opinion are applicable here.  Those cases are not applicable here.  Every customs case cited by the majority or dissent in *Bajakajian* involving *in personam* fines, even those dating back to 1381, involved activity that either deprived the sovereign of revenue or was capable of doing so.  *See Bajakajian,* 524 U.S. at 341-42 (majority citing statutes and cases involving forfeitures proportioned to the value of the goods) and at 345-46 (dissent citing *in personam cases*).  The majority summarized the totality of the statutes and case law "as serving the remedial purpose of reimbursing the Government for the losses accruing from the evasion of customs duties."  *Id.*. at 342.  Based on the undisputed facts, Defendant cannot argue Greentech's inability to provide a certification dated at the time of entry deprived Defendant of revenue "accruing from the evasion of customs duties."  In any case, to the extent the Supreme Court's holding in *Bajakajian* is inconsistent with the earlier customs cases discussed therein, those cases are not good law.

## CONCLUSION

For the foregoing reasons, Greentech respectfully submits this Court must deny Defendant's Motion to Dismiss in its entirety, proceed to briefing on the merits, and grant Greentech such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Mark. B. Lehnardt
Mark B. Lehnardt
Law Office of David L. Simon, PLLC
1025 Connecticut Ave., N.W., Ste. 1000
Washington, D.C. 20036
(202) 642-4850

Dated October 12, 2023            *Counsel to Greentech Energy Solutions, Inc.*

PUBLIC VERSION

# ATTACHMENT 1


# DUTY CALCULATION


**CONFIDENTIAL**
**NOT SUSCEPTIBLE TO PUBLIC SUMMARY**

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This brief complies with the guidelines set forth in the Standard Chambers Procedures. The confidential version of this brief contains **8,520** words on numbered pages (that is, excluding only the Cover Page, the Table of Contents, and the Table of Authorities).

2. This brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 12-point font.

<u>/s/ Mark B. Lehnardt</u>
Mark B. Lehnardt

Date:  October 12, 2023                        *Counsel to Greentech Energy Solutions, Inc.*

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| GREENTECH ENERGY SOLUTIONS, INC.,<br><br>                         Plaintiff,<br><br>          v.<br><br>UNITED STATES,<br><br>                 Defendant. | Court No. 23-00118 |

## <u>ORDER</u>

Upon consideration of the motion of Defendant United States to dismiss, and all other papers and proceedings herein, it is hereby:

**ORDERED** that Defendant's motion is hereby denied.

.

**SO ORDERED.**


Dated:_____          _____
      New York, New York                Mark A. Barnett, Chief Judge