UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| GREENTECH ENERGY SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Consol. Court No. 23-00118 <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF GREENTECH ENERGY SOLUTION, INC.'S RESPONSE TO DEFENDANT'S RESPONSE TO COURT ORDER REGARDING THE STATUS OF ENTRIES FROM JULY 2019 TO AUGUST 2021**

Plaintiff Greentech Energy Solution, Inc., provides this response to defendant, the United States, response to the Court's order regarding the status of entries from July 2019 to August 2021. In its response, the United States asserts that it properly extended the time for liquidation under 19 U.S.C. § 1504(b), but the United States fails to provide evidence that its extensions of time were proper.

Under 19 U.S.C. § 1504(b), U.S. Customs and Border Protection (CBP) can extend the date for liquidation by up to one year three separate times for a total of four years from the date of entry. But CBP may extend the liquidation rate only if it has a proper purpose. As the United States explained in its brief, "An extension may be appropriate 'if . . . the information needed for the proper appraisement or classification of the imported or withdrawn merchandise, . . . or for ensuring compliance with applicable law, is not available to {Customs}.'" U.S. Br. at 2 n.1

1

(*quoting Chemsol, LLC v. United States*, 755 F.3d 1345, 1349 (Fed. Cir. 2014) (quoting 19 U.S.C. § 1504(b)).

The regulation places the conditional, "if," before CBP's ability to extend liquidation:

> The Center director may extend the 1–year statutory period for liquidation for an additional period not to exceed 1 year if:
>
> (i) Information needed by CBP. Information needed by CBP for the proper appraisement or classification of the merchandise is not available,

19 CFR § 159.12(a)(1). Thus, without a proper purpose, CBP may not extend the date of liquidation. Indeed, a rule allowing CBP to extend liquidation for no reason at all would render the statute a nullity and permit CBP to extend liquidation for arbitrary and capricious reasons, which it is not permitted to do. See 5 U.S.C. § 706 (directing reviewing courts to "hold unlawful and set aside agency action…found to be…arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").

Further, CBP has imposed upon itself the burden to provide notice of the extension and the reason on *www.cbp.gov*, while, in contrast, giving itself only the aspirational "endeavor to transmit a courtesy notice" to the affected party:

> (b) Notice of extension. If the Center director extends the time for liquidation, as provided in paragraph (a)(1) of this section, the official notice of extension and reasons therefor will be posted on www.cbp.gov. The notice of extension will be maintained on www.cbp.gov for a minimum of 15 months from the date of posting. The Center director will also endeavor to transmit a courtesy notice of extension to the entry filer or its agent and the surety on an entry through a CBP-authorized electronic data interchange system.

19 CFR § 159.12(b). Greentech argues CBP has failed to establish that it had a proper reason, or any reason at all, and thus the extensions are invalid.

Here, the United States provides only dates of extension and asserts that it notified the importer of the extension, but does not provide any evidence that CBP had a proper reason at the time it extended the liquidation. The Declaration provided by the United States does not claim otherwise. The Declaration asserts only that "{f}or the nineteen entries identified in Attachment A to this declaration, ACE records reflect that CBP extended the liquidation period for each entry, and provided notice to the importer of record, on the respective dates identified in Attachment A." *See* U.S. Response, Adujar Decl., ¶. While the declaration says CBP provided notice, it does not address whether the notice was the notice posted on www.cbp.gov or the courtesy notice; and Greentech does not conceded that it received notice. *See id*. Further, the declaration does not state what reason CBP had – at the time – if any, for extending the date of liquidation. The failure to provide this evidence is telling when all necessary information would be in CBP's control. It is a small thing to post notice and a reason on www.cbp.gov, and a small thing to retain evidence of the notice and reason, especially when the entries are subject to ongoing proceedings. Thus, the United States has failed to establish that it properly extended the time for liquidation.

This omission is prejudicial. Unlike the Federal Circuit's ruling in *Intercargo Ins. Co. v. United States*, 83 F.3d 3191, 396 (Fed. Cir. 1996), where there was no dispute that CBP had provided a reason (albeit not one of the statutorily listed reasons) and adequate notice, here, there is no evidence of any reason whatsoever. Thus, this case should not go forward on the basis of no prejudicial error because Greentech prejudiced by not knowing a reason for extended dates for liquidation (assuming Greentech even received actual notice and not merely deemed notice from CBP's posting on www.cbp.gov).

The Court in *Intercargo* explained that, "Prejudice, as used in this setting, means injury to an interest that the statute, regulation, or rule in question was designed to protect." *Id.* (citations omitted). Here the statutory requirement for CBP to have a valid reason protects the importing public from arbitrary and capricious delays to liquidation. Indeed, even the *Intercargo* court identified the "opportunity to challenge the extensions in court on the ground that they were not obtained for a statutorily valid reason," as one prejudice to the interest the statute was intended to protect. *Id.*; *see also, id.*, at 397 (Rader,J., *dissenting*) (*citing St. Paul Fire & Marine Ins. Co. v. United States*, 6 F.3d 763 (Fed. Cir. 1993)).

Finally, while CBP may identify a reason now to justify extensions made several years ago, the statute does not permit CBP to delay liquidation to look for a valid reason to extend the date of liquidation. The statute only permits extension "if" CBP has a valid reason.

For the foregoing reasons, Greentech respectfully submits this Court should nullify CBP's improper extension of the liquidation date for the 19 entries and enter an order for CBP to liquidate the entries as entered, that is, without regard to antidumping and countervailing duties.

                                                 Respectfully submitted,

                                                 /s/ Mark. B. Lehnardt
                                               Mark B. Lehnardt
                                               Law Office of David L. Simon, PLLC
                                               1025 Connecticut Ave., N.W., Ste. 1000
                                               Washington, D.C. 20036
                                               (202) 642-4850

                                               *Counsel to Greentech Energy Solutions, Inc.*

Dated: December 14, 2023

**CERTIFICATE OF COMPLIANCE**

      Pursuant to Chambers Procedures 2(B)(1) and (2), I hereby certify that the attached Plaintiff Greentech Energy Solution, Inc.'s Response To Defendant's Response To Court Order Regarding The Status Of Entries From July 2019 To August 2021 contains 1102 words, according to the wordcount function of the word processing system used to prepare this brief (Microsoft Office for Microsoft 365).

Dated: December 14, 2023                  /s/ Mark B. Lehnardt
                                                          Mark B. Lehnardt