**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| GREENTECH ENERGY SOLUTIONS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Court No. 23-00118 |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S REPLY TO GREENTECH'S**
**RESPONSE REGARDING DEEMED LIQUIDATION**

Defendant, the United States, respectfully submits this reply to the response filed by plaintiff, Greentech Energy Solutions, Inc. (Greentech), regarding the status of the disputed entries in this case.  *See* Greentech Resp., ECF No. 29 (Dec. 14, 2023).  For the first time, Greentech claims that U.S. Customs and Border Protection (CBP) lacked authority to extend the liquidation deadline for these 19 entries.  As discussed below, Greentech failed to raise this claim in its complaint and, even if it had, the Court does not possess jurisdiction to entertain it.  Thus, we respectfully request that the Court decline to entertain Greentech's new claim.

<u>BACKGROUND</u>

This case arises from antidumping and countervailing duty investigations of crystalline silicon photovoltaic cells from the People's Republic of China (China or PRC).[1]  In the final

---

[1]  *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from China: Final Determination of Sales at Less Than Fair Value, and Affirmative Final Determination of Critical Circumstances, in Part*, (*Final AD Determ. Solar Cells from China*), 77 Fed. Reg. 63,791 (Dep't of Commerce Oct. 17, 2012), and accompanying Issues & Decision Mem. at Cmt. 1 (IDM); *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into*

determinations of both investigations, Commerce required importers and China-based exporters of solar panels and modules claiming that their entries do not contain solar cells from China to maintain certifications to that effect.  *Final AD Determ. Solar Cells from China* IDM at Cmt. 1; *Final CVD Determ. Solar Cells from China* IDM at Cmt. 32.

From July to October, 2019, Greentech imported 19 entries of merchandise subject to the certification requirement.  Am. Compl. ¶ 23, ECF No. 11 (June 27, 2023).  After Greentech failed to provide the required certifications upon request, CBP liquidated the entries subject to antidumping and countervailing duties.  *Id.* ¶ 26.  Greentech then filed nineteen protests challenging liquidation on multiple grounds.  Exhibit 7, ECF No. 11-3 to 11-16 (June 27, 2023).  Before CBP decided the protests, Greentech filed this case pursuant to 28 U.S.C. § 1581(i), challenging CBP's application of the certification requirement to Greentech's entries.  *See, e.g.*, Am. Compl. ¶ 36, ECF No. 11 (June 26, 2023).  The 19 protests remain pending before CBP. *See* Ortiz Decl. ¶¶ 11-12, ECF No. 15-1 (Sept. 7, 2023).

On September 7, 2023, the Government filed a motion to dismiss Greentech's amended complaint, explaining (among other issues) that:  (1) the Court does not possess jurisdiction pursuant to 28 U.S.C. § 1581(i) because the protest procedure pursuant to 28 U.S.C. § 1581(a) is not manifestly inadequate to address Greentech's challenges to CBP's decisions, and (2) to the extent Greentech challenges Commerce's final determinations imposing the certification requirement, the well-pleaded allegations demonstrate that its claim is untimely and must be dismissed.  *See generally*, Mot. to Dismiss, ECF No. 15 (Sept. 7, 2023).

---

*Modules, From China: Final Affirmative Countervailing Duty Determination and Final Affirmative Critical Circumstances Determination*, (*Final CVD Determ. Solar Cells from China*), 77 Fed. Reg. 63,788 (Dep't of Commerce Oct. 17, 2012), and accompanying IDM at Cmt. 32.

On November 22, 2023, the Court ordered the United States to address the status of the 19 entries in dispute between July 2019 and August 2021 "and whether the deemed liquidation provisions of 19 U.S.C. § 1504(a)(1) apply to the entries."  Order, ECF No. 26 (Nov. 22, 2023). The United States responded on December 4, 2023, explaining that CBP extended the deadline to liquidate all 19 entries at issue in this case.  Gov. Resp., ECF No. 27 (Dec. 4, 2023).  Thus, the deemed liquidation provision in 19 U.S.C. § 1504(a)(1), did not apply.

On December 14, 2023, Greentech filed a response, claiming for the first time that CBP failed to "provide any evidence that CBP had a proper reason at the time it extended the liquidation."  Greentech Resp. at 3, ECF No. 29 (Dec. 14, 2023).  Greentech asks the Court to "nullify CBP's improper extension of the liquidation date for the 19 entries and enter an order for CBP to liquidate the entries as entered, that is, without regard to antidumping and countervailing duties."  *Id.* at 4.

DISCUSSION

I.      The Court Should Decline To Entertain Greentech's New Claim

The Court should not entertain Greentech's new claim, which does not appear in the amended complaint.  Nowhere in the amended complaint does Greentech challenge (or even mention) CBP's extension of the liquidation deadline for each of the 19 entries at issue in the case.  *See generally* Am. Compl., ECF No. 11.  Nor has Greentech sought to further amend its complaint to add a new claim.  Thus, Greentech's December 14, 2023 filing presents no basis for the Court to consider a new claim.

II.     In Any Event, The Court Does Not Possess Jurisdiction To Entertain Greentech's New Claim

Even if Greentech sought to further amend its complaint, such a request would be futile because this Court does not possess jurisdiction to entertain Greentech's new claim.  As

3

discussed below, any extensions of the liquidation deadline are merged into the liquidation.

Thus, if an importer wishes to challenge that decision, it must protest the liquidation, exhaust

administrative remedies, and pursue any judicial review pursuant to 28 U.S.C. § 1581(a).

Greentech has not done so.  Further, Greentech has not shown that the protest process would be

manifestly inadequate to resolve its new claim, and, thus, cannot invoke this Court's residual

jurisdiction.

> A.    CBP's Decision To Extend The Liquidation Deadline Merges With Liquidation, Which Must Be Challenged, If At All, Through The Protest Process

"'Liquidation means the final computation or ascertainment of the duties . . . accruing on

an entry,' after which the final amount due (if any) is calculated and billed, completing the

import transaction." *Chemsol, LLC v. United States*, 755 F.3d 1345, 1349 (Fed. Cir. 2014)

(quoting 19 C.F.R. § 159.1 (2010)).  "{A}bsent timely reliquidation or protest, the liquidation

{is} final." *Id.* at 1351 (citations omitted).  Thus, "{i}f an importer wishes to challenge {an

aspect of entry}, the importer must protest the liquidation." *Id.* (citation omitted); *see also* 19

U.S.C. § 1514(c)(3)(A) (explaining the requirements for a timely protest).

"{A}ll aspects of entry are merged in the liquidation." *Chemsol*, 755 F.3d at 1351

(citation omitted) (cleaned up).   This includes CBP's decision to extend the liquidation deadline,

as occurred in this case.  *See* Andujar Decl., ECF No. 27 (Dec. 4, 2023).  Any challenges to the

"validity" of an extension of liquidation deadlines are "merged into the later liquidation."

*Chemsol*, 755 F.3d at 1351.  Thus, "the propriety of an extension made with proper notice may

only first be challenged before Customs in an administrative protest after liquidation." *Id.* at

1353 (citing 19 U.S.C. § 1504(b)).

B.      Greentech Has Not Protested CBP's Extensions Of The Liquidation Deadline Or Otherwise Exhausted Administrative Remedies Required For Jurisdiction Pursuant To 28 U.S.C. § 1581(a)

Section 1581(a) establishes this Court's jurisdiction to review decisions by CBP. *Int'l Custom Prod., Inc. v. United States*, 467 F.3d 1324, 1326–27 (Fed. Cir. 2006) (citing 28 U.S.C. § 1581(a)); *see also* 19 U.S.C. § 1514(a). Parties wishing to challenge liquidation must file a protest before CBP and seek review of any protest denial in this Court. *Id.* (citing 19 U.S.C. §§ 1514, 1515; 28 U.S.C. § 1581(a)). By statute, moreover, an action contesting the denial of such a protest "may be commenced in the Court of International Trade only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced." 28 U.S.C. § 2637(a).

In this case, Greentech failed to challenge the validity of the extensions of liquidation in any of the 19 pending protests before CBP. *See generally* Exhibit 7, ECF Nos. 11-3 to 11-16 (June 26, 2023). Even if Greentech had timely raised that issue in a protest to CBP, Greentech also failed to exhaust protest procedures for the protests that it did file, as required for jurisdiction pursuant to 28 U.S.C. § 1581(a). CBP has not yet decided the protests, nor has Greentech paid any required duties. *See, e.g.*, 28 U.S.C. §§ 1581(a), 2637(a); *see also* Ortiz Decl. ¶ 12, ECF No. 15-1 (Sept. 7, 2023). Thus, Greentech has not established the requirements for jurisdiction pursuant to 28 U.S.C. § 1581(a).

C.      Judicial Review Pursuant To 28 U.S.C. § 1581(a) Would Not Have Been Manifestly Inadequate

Finally, Greentech has not shown (or even argued) that the protest process would have been manifestly inadequate to address its new claim regarding extension of the liquidation deadlines. Section 1581(i) provides "a 'residual' grant of jurisdiction, and may not be invoked when jurisdiction under another subsection of § 1581 is *or could have been* available, unless the

remedy provided under that other subsection would be manifestly inadequate." *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018) (citations omitted) (emphasis added); *see also* 28 U.S.C. § 1581(i). Greentech has not even attempted to satisfy this standard. Accordingly, Greentech has not demonstrated that the Court possesses jurisdiction to entertain its new claim regarding extension of the liquidation deadlines.

<u>CONCLUSION</u>

For these reasons, we respectfully request that the Court decline to entertain the new claim raised in Greentech's December 14, 2023 filing, regarding CBP's extension of the liquidation deadlines.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

OF COUNSEL:

PATRICIA M. McCARTHY
Director

SPENCER NEFF
Attorney
U.S. Department of Commerce
Office of Chief Counsel for Trade
Enforcement & Compliance

*/s/* Reginald T. Blades, Jr. by Tara K. Hogan
REGINALD T. BLADES, JR.
Assistant Director

ALEXANDRA KHREBTUKOVA
Senior Attorney
U.S. Customs and Border Protection
Office of the Chief Counsel
International Trade Litigation

*/s/* Emma E. Bond
EMMA E. BOND
U.S. Department of Justice
Commercial Litigation Branch - Civil
Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-2034

December 22, 2023

*Attorneys for Defendant*

**<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to Chambers Procedures 2(B)(1) and (2), I hereby certify that the attached

DEFENDANT'S REPLY TO GREENTECH'S RESPONSE REGARDING DEEMED

LIQUIDATION contains 1,529 words, according to the word-count function of the word

processing system used to prepare this brief (Microsoft Office for Microsoft 365).

Dated: December 22, 2023                    /s/ Emma E. Bond
                                            Emma E. Bond