

CHAMBERS OF
MARK A. BARNETT
CHIEF JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York 10278-0001

March 5, 2024

Via CM/ECF

      Re: *Greentech Energy Solutions, Inc. v. United States*
      Court No. 23-00118

Dear Counsel:

      On February 26, 2024, the court issued an order requiring Plaintiff Greentech Energy Solutions, Inc. ("Greentech") to respond to various inquiries related to the bracketing of business proprietary information ("BPI"). *See* Order (Feb. 26, 2024), ECF No. 36 ("BPI Order"). Greentech filed its response to the court's order on March 1, 2024. *See* Greentech's Confid. Resp. to the Court's February 26, 2024, Order ("Greentech's Resp."), ECF No. 39. In several respects, Greentech's response failed to respond to the court's order either to revise Greentech's identification of BPI or to provide detailed justifications for its claims for business proprietary treatment.

**<u>Greentech's Exhibits</u>**

      The court ordered Greentech to review certain exhibits appended to its Amended Complaint that were bracketed in their entirety. S*ee* Confid. Am. Compl. Exs. 3–5, ECF No. 11-2. Greentech was instructed to refile the exhibits, "bracketing only that information which is business proprietary to Greentech." BPI Order. Greentech failed to comply with the court's order.

      Exhibits 3 and 5 are Customs and Border Protection's ("CBP") request for information and notice of action forms, respectively. While Greentech has removed some of the brackets from each of these documents, it remains unclear to the court, and unexplained by Greentech, why certain information, including the date of entry, CBP official name and contact information, and certain details in CBP's message and explanation boxes remain bracketed. *See* Greentech's Resp. at 10–14, 30–32.

      Greentech continues to claim that the entirety of Exhibit 4 constitutes BPI, however, Greentech has failed to comply with the court's order. Rather than provide a detailed explanation why it continued to designate Exhibit 4 as BPI in its entirety, Greentech merely asserted that the information contained within Exhibit 4 was BPI, referring generally to seven different categories of BPI as defined in the Department of Commerce's regulations. *See* Greentech's Resp. at 5. Such a response is wholly

inadequate to justify the BPI treatment of the entirety of the back-and-forth e-mail communications between Greentech's customs broker and a CBP official regarding the review of the entries at issue.

Once again, Greentech must review each of these exhibits, provide revised versions that remove any brackets from information that is not business proprietary to Greentech, and provide a detailed explanation why any information remaining in brackets constitutes BPI.

**Protest Numbers**

The court also ordered Greentech to "clarify whether it seeks business proprietary treatment for the protest numbers at issue and, if so, the justification for that treatment." BPI Order. Greentech did not attempt to justify any request to treat the protest numbers at issue as business proprietary. Rather, Greentech simply asserted that protest numbers are not released publicly by CBP and are "not necessary for a public analysis of the issues." Greentech's Resp. at 5–6. Neither assertion constitutes a basis for Greentech's request that the information be treated as business proprietary to Greentech. Once again, Greentech must either provide a detailed justification for treating the protest numbers as BPI or revise its Amended Complaint and Exhibits to make the protest numbers public.

**Defendant's Motion to Dismiss**

The court also ordered Greentech to "review each instance of bracketed information in the Defendant's Motion to Dismiss and indicate where bracketing may be removed." BPI Order; *see also* Def.'s Confid. Mot. to Dismiss, ECF No. 15. Greentech responded to this requirement by initially asserting:

> it is Defendant's responsibility to provide public summaries of information for which BPI treatment is requested, and Defendant could have provided some such summaries based upon information publicly disclosed in the Amended Complaint.

Greentech's Resp. at 6.

Such a response to the court's order borders on the frivolous. Nothing suggests that the information in question is considered proprietary to CBP or any other government agency. Instead, it is information that Greentech has bracketed as proprietary in the Exhibits to its Amended Complaint. Greentech may not shift the burden to other parties or the court to parse the inconsistent revelation of non-proprietary information between the narrative of its Amended Complaint and the public versions of its Exhibits thereto. To the contrary, the terms of the judicial protective order entered in this case obligate Defendant to treat information as business proprietary when it has been so designated by Greentech. *See* Judicial Protective Order (June 20, 2023), ECF No. 8. While this judicial protective order does not contain express

language regarding court resolution of any disputes regarding the proprietary nature of particular information, the court retains the authority to revise or amend its orders as appropriate.

In its response, Greentech identified eight instances where bracketing may be removed from Defendant's Motion to Dismiss.  *See* Greentech's Resp. at 6.  However, Greentech has not addressed each instance of bracketed information in the Defendant's Motion to Dismiss.  Instead, Greentech asserts "that much of Defendant's bracketing contains some BPI and some public information," and that "[t]he [c]ourt did not request that Greentech parse Defendant's bracketing further."  *Id*.  To the extent that there was any doubt regarding the court's prior order, Greentech must review *each instance* of bracketed information, i.e., *each* of the forty-three sets of brackets within Defendant's Motion to Dismiss, and either confirm that the information contained therein is not proprietary to Greentech or provide explanation as to why the information contained in each set of brackets constitutes BPI.  Greentech may also perform a combination of the two responses whereby Greentech revises the placement of the brackets to exclude non-proprietary information while justifying the proprietary treatment of information remaining in the revised brackets.

Plaintiff's written submission addressing these deficiencies is due on or before **March 8, 2024**.

The court further notes any requests regarding the conduct of the oral argument must be made by motion.  Statements of preference made at the end of Greentech's response to a court order, and lacking any consultation with Defendant, are not an appropriate vehicle for such requests.

Despite the informal nature of this letter, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/     Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: March 5, 2024
         New York, New York