

UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York 10278-0001

CHAMBERS OF
MARK A. BARNETT
CHIEF JUDGE

March 13, 2024

Via CM/ECF

    Re: *Greentech Energy Solutions, Inc. v. United States*
    Court No. 23-00118

Dear Counsel:

    The court appreciates the efforts the parties have made to identify and address the relevant issues in their briefs. In preparation for the oral argument in this matter, scheduled for March 20, 2024, at 9:30 AM ET, the court would like parties to be prepared to address the following questions.

1. Plaintiff Greentech Energy Solutions, Inc. ("Greentech") argues that they were "not adversely affected or aggrieved and did not suffer a concrete actual injury" until "CBP informed Greentech via the Notice of Action assessing Greentech's imports AD and CVD duties under the orders on Solar Cells from China" in 2021, two years after Greentech's importation of the subject entries. Pl.'s Resp. to Defs.' Mot. to Dismiss at 14, ECF No. 20 ("Greentech's Resp."). The Government replies that "any cognizable injury occurred when Greentech imported relevant merchandise" and Greentech was not required to wait for what the Government describes as "purely ministerial" enforcement by CBP. Def.'s Reply in Supp. of Mot. to Dismiss at 6, ECF No. 24.

    a. A cause of action first accrues when "all events necessary to state the claim … have occurred." *Mitsubishi Electronics America*, *Inc*., 44 F.3d 973, 977 (Fed. Cir. 1994) (citation omitted). Furthermore, "[a] claim accrues when the aggrieved party reasonably should have known about the existence of the claim.'" *Id.* (citation omitted). To the extent that Greentech was required to have and retain certification(s) regarding the source of the solar cells contained in its imports of solar panels/modules at the time of entry, on what basis does Greentech assert that its cause of action did not accrue at the time of entry?

2. The court understands the protests have been suspended.  Without prejudice to the outcome of the protests, does Customs and Border Protection ("CBP") have the authority to make a Country of Origin ("COO") determination independent of the lack of contemporaneous certifications in those protests?  In other words, are there any limitations on CBP's ability to determine the COO of the entries based on the documentation provided to CBP as part of the protest process?

    a. For purposes of the liquidations that are the subject of Greentech's protests, what country did CBP consider to be the COO of those goods?

    b. Is the COO for purposes of CBP's liquidations indicated in any of the documents currently before the court?

3. In Greentech's response to the Government's motion to dismiss, Greentech makes several references to Commerce imposing Antidumping ("AD") and/or Countervailing ("CVD") duties on imports that lack an appropriate certification.  *See, e.g.,* Greentech's Resp. at 1, ECF No. 20 ("Commerce ordered CBP to impose the duties if importers do not provide, on demand, a certificate…").  Greentech should be prepared to reconcile its characterization of Commerce's instructions with the actual text of the instructions, such as the text found in paragraph 6 of message 2153302 attached as Exhibit 2 to Greentech's complaint.  *See* Am. Compl. at 22, ECF No. 10.

4. If AD and CVD rates are calculated in accordance with the trade laws, can they ever constitute a violation of the Eighth Amendment's excessive fines clause?

As a reminder, parties should be prepared to identify documents in the record that support their position and present the court with any documents used to support their assertions that have not been submitted as part of the joint appendices filed in this case.  Parties should also be prepared to present the documents supporting their factual assertions on the courtroom's document projector.  Any inquiries about utilizing the courtroom's projector should be directed to the case manager, Giselle Almonte, on (212) 264-0157 before the scheduled oral argument date.

The court notes that the Federal Bar Council has encouraged judges to consider revising or adding provisions to their practice rules to allow junior lawyers to take a more active role in oral arguments.  While their efforts are primarily focused on the federal district courts, the sentiment is no less relevant to the U.S. Court of International Trade.  It is in that light that I invite you to consider positively the role that junior lawyers might play in this oral argument.  I hope that you will consider providing those lawyers who are familiar with the issues and record under consideration, but who are not as experienced in arguing before a court, with the opportunity to participate in this argument.

      Despite the informal nature of this letter, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

                                            Very truly yours,

                                            /s/ Mark A. Barnett  
                                            Mark A. Barnett  
                                            Chief Judge

Dated: March 13, 2024  
         New York, New York